# Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Carol J. McWilliams, Appellant.

402

Argued December 5, 1975, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Linda J. Peltier,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., February 19, 1976:

Carol J. McWilliams (Claimant) appeals an order of the Unemployment Compensation Board of Review (Board) which affirmed an order of the referee denying her benefits.

The referee's factual findings indicate that Claimant was employed as a quality control inspector on the first shift. Her employer advised her that he must transfer her to the third shift. Claimant elected to quit rather than transfer because her ailing mother required her attention in the evening. When she was hired, Claimant knew working the second or third shift was a distinct possibility. In fact, she had worked on the third shift for the first six months she was on the job and at the time of her departure, third shift work was available.

The referee concluded that Claimant was not eligible for benefits because she voluntarily terminated her employment in order to fulfill a filial or domestic obligation. The Board affirmed and dismissed the appeal. We affirm.

In an unemployment compensation case, findings made by the referee and adopted by the Board which are supported by substantial evidence are binding upon this Court absent an error of law or a showing of fraud. *McDonald v. Unemployment Compensation Bd. of Review,* 17 Pa. Commonwealth Ct. 494, 333 A.2d 199 (1975) ; *Thomas v. Unemployment Compensation Bd. of Review,* 14 Pa. Commonwealth Ct. 398, 322 A.2d 423 (1974). Our examination of the record indicates that the referee's findings are supported by substantial evidence. Next for our consideration is whether an error of law has been committed.

Section 402(b) of the Unemployment Compensation Law (Act)[1] provides:

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

"An employe shall be ineligible for compensation for any week—

. . . .

"(b)ı(1)  In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . .

"(2)  In which his or her unemployment is due to leaving work . . . (II) because of a marital, filial or other domestic obligation or circumstance. . . ."

In *Crumbling v. Unemployment Compensation Bd. of Review*, 14 Pa. Commonwealth Ct. 546, 322 A.2d 746 (1974), we held that Section 402 (b)·(2)· was intended to *negate*, as grounds for "necessitous and compelling" cause under Section 402 (b) (1), a voluntary termination due to a marital or domestic obligation or circumstance such as caring for ill family members.

Whether an employment termination is voluntary is a question of law. *Rettan v. Unemployment Compensation Bd. of Review*, 15 Pa. Commonwealth Ct. 287, 325 A.2d 646 (1974).

We have held that neither dissatisfaction with a change in shift nor the inconvenience of working hours are causes of a necessitous and compelling nature. *Stalc v. Unemployment Compensation Bd. of Review*, 13 Pa. Commonwealth Ct. 131, 318 A.2d 398 (1974) ; *Pfafman v. Unemployment Compensation Bd. of Review*, 7 Pa. Commonwealth Ct. 197, 300 A.2d 295 (1973).

Here, Claimant voluntarily left her employment rather than transfer to the third shift. She knew when she accepted employment that shift transfers were likely. Since her voluntary termination was due to a marital, filial, or domestic circumstance—that is, to care for her mother—she is ineligible for benefits under Section 402 (b) (2) of the Act.

Finally, Claimant contends that Section 402 (b) (2) of the Act violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. We

have dealt with, and rejected, this contention recently in *Unemployment Compensation Bd. of Review v. Jenkins,* 23 Pa. Commonwealth Ct. 127, 350 A.2d 447 (1976). There, we held that denial of benefits to those who *voluntarily* leave employment due to domestic, marital, or filial obligations was reasonable considering the policy and purposes of the Act, namely, to relieve the economic hardship of *sudden unemployment* and to provide temporary assistance in the resulting economic burden. We issue the following

ORDER

AND NOW, this 19th day of February, 1976, the decision of the Unemployment Compensation Board of Review, B-124678, is affirmed.