Joseph W. Cunningham, Appellant, *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee.

Argued May 6, 1976, before President Judge Bow-
MAN and Judges MENCER and ROGERS, sitting as a panel
of three.

*Joseph W. Cunningham,* appellant, for himself.

*Charles G. Hasson,* Assistant Attorney General,
with him *Sydney Reuben,* Assistant Attorney General,
and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, June 8,
1976:

This is an appeal by Joseph W. Cunningham from
an order of the Unemployment Compensation Board
of Review dated September 12, 1975, which affirmed
a referee's denial of benefits to Cunningham. Bene-
fits were denied on the basis of Section 402(b)(1) of
the Unemployment Compensation Law, Act of Decem-
ber 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as
amended,* 43 P.S. §802(b)(1), which reads in pertinent
part as follows:

"An employe shall be ineligible for compensation for any week—

. . . .

"(b)(1)   In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ."

The only issue is whether there is evidentiary support for the referee's finding that Cunningham voluntarily terminated his employment in anticipation of going into business for himself.  Cunningham maintains that he was laid off.

Cunningham was the only witness at the hearing, and he testified that he lost his position as a bartender because the owner of the establishment at which he worked decided to replace him with a barmaid. Cunningham also produced a letter from his employer which tended to confirm that he had been laid off, although the primary reason specified in the letter was "bar income compared to the number of bartenders employer."

Unfortunately for Cunningham, a "Summary of Interview" form was also admitted into evidence, this form being executed at the direction of the Bureau of Employment Security during the application process. In answer to the question "Why did you leave your job?", Cunningham, in his own hand, answered "Am buying my own bar."  This form was completed on June 11, 1975, several weeks prior to the hearing, and the referee and the Board obviously chose to accept this evidence of the reason for Cunningham's separation over the subsequent explanation.  Questions of credibility and the weight to be given any individual item of evidence are for the Board to determine, and we must accept the  facts as found if evidentiary support exists.[1]  *Winkler v. Unemployment Compensa-*

---

[1] Likewise, we cannot consider any items of evidence not offered at the hearing. Cunningham has supplied us with an addi-

*tion Board of Review*, 19 Pa. Commonwealth Ct. 49, 338 A.2d 770 (1975).

There is no doubt that leaving a job because a new opportunity is anticipated is not "cause of a necessitous and compelling nature," and we therefore

ORDER

AND Now, this 8th day of June, 1976, the order of the Unemployment Compensation Board of Review in the above-captioned matter, dated September 12, 1975, is affirmed.

Judge KRAMER did not participate in the decision in this case.

---

tional letter from his employer which was not made part of the record. We cannot place any weight on this submission.