Jose E. Correa, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania.

Argued April 4, 1977, before Judges KRAMER, WILKINSON, JR. and BLATT, sitting as a panel of three.

14 

 

*Thomas J. Fischer,* for appellant.

*George O. Phillips,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, July 6, 1977:

This is an appeal by Jose Correa (Appellant) from an order of the Unemployment Compensation Board of Review (Board) denying benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). Section 402 (b)(1) provides in pertinent part:

An employe shall be ineligible for compensation for any week—

. . . .

(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

The Board made the following findings of fact:

1. Claimant was last employed by Quakertown Chair Corp., Quakertown, Pennsylvania as a machine sander at $3.85 an hour from November 15, 1956. His last day of work was July 24, 1975. The claimant has been employed at Quakertown Chair for nearly 20 years.

2. Claimant does not have an automobile, does not have a license to operate one, and had been riding back and forth with a friend.

3. On claimant's last day of work the friend with whom he had been riding quit his employ-

ment, and claimant was left without transportation.

4. Claimant made no attempt to maintain his employee-employer relationship in that he did not request information from the employer if there was anyone working there from his home area that could provide transportation for him.

5. Although there was public transportation between Bethlehem and his job, that transportation was very inconvenient as it involved a three-hour wait for a train after work.

6. Continuing work would have been available for claimant had he desired to remain employed, and at the time of separation claimant had no definite contract of hire elsewhere.

The Board concluded that Appellant had not made a good faith effort to maintain the employment relationship and thus had voluntarily left work without cause of a necessitous and compelling nature. It noted the employer's testimony that the company would have tried to arrange transportation if Appellant had requested assistance.

Appellant raises several challenges to the Board's decision. First, he asserts that the Board erred in failing to make a specific finding of fact that Appellant voluntarily quit his job. We note first that the issue of whether one has voluntarily left his employment is not one of simple fact. The voluntariness of a termination of employment is ultimately a question of law. *Unemployment Compensation Board of Review v. McWilliams,* 23 Pa. Commonwealth Ct. 401, 404, 352 A.2d 569, 571 (1976). It is true, however, that resolution of that question "necessarily depends upon the underlying facts as found by the compensation authorities." *Unemployment Compensation*

*Board of Review v. Beyer*, 20 Pa. Commonwealth Ct. 17, 21, 340 A.2d 601, 603 (1975).

Condensing the relevant underlying facts, the Board found that (1) Appellant depended on a friend for transportation to and from work, (2) that mode of transportation was rendered unavailable by the friend's decision to quit his job, (3) public transportation was highly inconvenient, (4) Appellant made no attempt to remedy his transportation problem, and (5) had he remedied it, his employment would have continued. These findings are sufficiently definite and specific to enable this Court to pass upon the legal issue of whether Appellant voluntarily left his employment without cause of a necessitous and compelling nature.

Next, Appellant asserts that there is insufficient evidence to support the Board's findings. To this end, Appellant asks this Court to consider two letters from his employer which tend to show that he was, in fact, discharged. These letters are, however, *dehors* the record in this case, and we cannot consider evidence not offered before the fact-finders below. *Cunningham v. Unemployment Compensation Board of Review*, 25 Pa. Commonwealth Ct. 134, 136 n.1, 358 A.2d 147, 149 n.1 (1976). Our review of the record that does exist reveals testimony or other evidence which specifically supports each of the Board's findings. We note in particular that in the "Summary of Interview" completed by Appellant for the Bureau of Employment Security, and admitted by the referee into evidence, Appellant was asked, "Why did you leave your job?" His response was, "Working at Quakertown, have no driver license and all the people that I know from both are laid off—no transportation—." He was also asked, "Did you give your employer notice you were leaving?" He answered simply, "Yes." There is *no* evidence in the record which even hints

that Appellant was discharged by his employer. This is fatal to Appellant's challenge to the evidence because the claimant has the burden of proof in a voluntary quit case,[1] and ''where the findings are against the party with the burden of proof, that party has the further duty, on appeal, to demonstrate that the fact-finders capriciously disregarded competent evidence.'' *Eaton Corp. v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 380, 384, 365 A.2d 1326, 1328 (1976). We detect no capricious disregard, but, on the contrary, conclude that the Board's findings are fully supported by the record. Furthermore, we conclude that the Board committed no error of law in concluding from its findings that Appellant's severance was a voluntary quit within the meaning of Section 402(b)(1).

The sole remaining question is whether the transportation difficulties experienced by Appellant were such as to amount to a necessitous and compelling reason for quitting his employment. Transportation inconveniences can amount to such a reason for quitting, but they must be so serious and unreasonable as to present a virtually insurmountable problem, and the burden of proof lies with the claimant. *Boob v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 624, 625, 337 A.2d 293, 294 (1975) and cases cited therein.

In order to make such a showing, we believe that a claimant must demonstrate that he took reasonable steps to remedy or overcome his transportation problem before he severed his employment. Here, Appellant needed transportation for the approximately 13 mile trips between Bethlehem and Quakertown.[2] As

---

[1] *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 525, 367 A.2d 366, 369 (1976).

[2] The parties did not see fit to enter this distance into the record, so we will take judicial notice of it.

the Board found, he did not bother to contact his employer of almost 20 years to ask for assistance. The employer would have given that assistance, had Appellant asked for it. Moreover, the record reveals that Appellant did not check into the possibilities of public transportation until after he quit and was denied benefits by the Bureau of Employment Security. It can hardly be said on this record that Appellant took reasonable steps to maintain his employment or evidenced a genuine desire to do so. Appellant simply failed to meet his burden. *See Abraham v. Unemployment Compensation Board of Review*, 200 Pa. Superior Ct. 476, 190 A.2d 156 (1963).

We affirm.

ORDER

AND Now, this 6th day of July, 1977, the decision and order of the Unemployment Compensation Board of Review, dated January 5, 1976, at B-129338, denying benefits to Jose E. Correa is hereby affirmed.