Douglas J. Tyler, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 2, 1978, before Judges MENCER, DISALLE and CRAIG, sitting as a panel of three.

*Thomas J. Henderson,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE DISALLE, January 5, 1979:

This is an appeal by Douglas J. Tyler (Claimant) from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits pursuant to a finding that Claimant's unemployment was due to voluntarily leaving work without cause of a necessitous and compelling nature within the meaning of Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). Claimant contends that his unemployment was prompted by serious transportation difficulties arising from a work schedule change imposed at a time when he had just moved his residence. These difficulties were so unreasonably burdensome, he argues, that they constituted a necessitous and compelling reason for quitting his job.

We note initially that the voluntariness of a termination of employment is ultimately a question of law and is, therefore, reviewable by this Court. *Correa v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 13, 374 A.2d 1017 (1977). Nevertheless, it is clear that the resolution of this question "necessarily depends upon the underlying facts as

found by the compensation authorities.'' *Unemployment Compensation Board of Review v. Beyer,* 20 Pa. Commonwealth Ct. 17, 21, 340 A.2d 601, 603 (1975). In other words, though the voluntariness question may be reviewed by this Court, proper appellate review thereof is possible only where the compensation authorities have laid an adequate factual foundation. *See, e.g., Wenrich v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 186, 382 A.2d 1303 (1978).

Turning to the issue at hand, it is clear that transportation difficulties may constitute a necessitous and compelling reason for terminating employment. These difficulties, however, must be so serious and unreasonable as to present a virtually insurmountable problem, and the burden of proof on this point lies with the claimant. *Correa, supra.* We also stated in *Correa* that in order to make such a showing, a claimant must demonstrate that he took reasonable steps to remedy or overcome his transportation problem before he severed his employment.[1]

Normally at this point, we would review the relevant facts to ascertain whether Claimant complied with this latter requirement. Unfortunately, we are at a loss to do so, since the referee, as readily admitted by the Board in its brief, failed to make any finding of fact regarding the nature and extent of Claimant's efforts to remedy his transportation predicament.[2] We note further that, even had the referee made the neces-

---

[1] The Board admitted at oral arguments that, given such a showing, Claimant would be entitled to benefits.

[2] The *only* findings of fact made by the referee were as follows:

1. The claimant was last employed by the Fifth Avenue Super Dollar store for four years as a stockboy at an hourly rate of $4.02, and his last day of work was December 3, 1976.

2. The claimant moved his residence from McKeesport, Pa. where the store was located, to Pittsburgh, Pa., a dis-

sary finding, there is precious little evidence in the record to support adequate appellate review thereof.[3]

A necessary finding of fact being absent and the record, as a whole, being notably deficient, we will vacate the order of the Board and remand this case so that the necessary finding may be made and the record, if necessary, supplemented.

ORDER

AND Now, this 5th day of January, 1979, the order of the Unemployment Compensation Board of Review dated May 2, 1977, affirming a referee's decision dated January 25, 1977, is hereby vacated and the case is remanded for proceedings consistent with this opinion.

---

tance of approximately 12 miles from his place of employment.

3. The claimant was unable to arrange transportation from his new residence for the scheduled hours on Tuesdays and Fridays.

4. The claimant voluntarily terminated his employment because of transportation problems.

[3] Claimant contends that he notified his employer of his decision to move; that he requested rescheduling of work assignments so that he could take advantage of mass transit; that his employer granted the change; but that he later revoked the scheduling change after loss of summer help left him with no employees to do the work.