Maureen C. Reagan, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 4, 1978, before Judges WILKINSON, JR., DiSALLE and MacPHAIL, sitting as a panel of three.

*Germaine Ingram,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for appellee.

OPINION BY JUDGE MacPHAIL, February 21, 1979:

Maureen C. Reagan (Claimant) quit her job with ITE Imperial Corporation (Employer) when Employer transferred the operations in which Claimant was engaged from Philadelphia to Fort Washington. The Bureau of Employment Security, referee and Unemployment Compensation Board of Review (Board) denied benefits, holding that Claimant was ineligible under the provisions of Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).[1] We affirm.

---

[1] An employee shall be ineligible for compensation for any week—

. . . .

Factually, Claimant, at the time of her resignation, was the mother of three children ages six, four and three. These children were in the care of a babysitter when Claimant worked at Employer's plant in Philadelphia for more than two years. Claimant contends that if she commuted to Employer's new location in Fort Washington, she would be required to leave home at 5:30 a.m. to get to work on time and that she would not be able to return home until 6 or 6:30 p.m. While she admitted that babysitters were available to sit during these hours, she testified that they would want $60 to $75 per week in compensation as compared to the $40 per week she was paying while she was working in Philadelphia. She said that $40 was all that she could afford to pay.[2] She testified that she was also concerned about the time it would take her to get home should an emergency arise in connection with her children.[3] She said that her husband could not take care of the children because he worked at different locations, had irregular hours and did not always live at home. Claimant said that she requested work at Employer's other locations in Philadelphia but Employer never replied to her request. Claimant does not deny that transportation was available to the new job site, but she contends that the additional expense and time involved and her concern for the care of her children constituted compelling and necessitous reasons for her decision not to work at Fort Washington.

In *Correa v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 13, 374 A.2d 1017

---

(b)(1) [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

[2] Claimant earned $135.00 net.

[3] One of the children suffered from allergies and bronchial asthma.

(1977), we held that before transportation problems can constitute justification for quitting, those problems must be so serious and unreasonable that they present a "virtually insurmountable problem" and that the burden is on the claimant to prove that her problems are insurmountable. Here, the referee and the Board found that Claimant did not meet that burden. We cannot say as a matter of law that the referee or the Board capriciously disregarded competent evidence in reaching their conclusion in that regard. There is no doubt that the necessary change in Claimant's schedule would have been inconvenient and that it would have been more expensive for Claimant to hold her job and pay a babysitter for longer hours. However, this does not amount to a "virtually insurmountable problem." In fact, the opposite is true. Claimant admits that she could have solved her problems but simply chose not to do so. This was her right, but now she must abide by the consequences of her decision.

Claimant also argues that since we declared Section 401(b)(2)(II) of the Act to be unconstitutional in *Wallace v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 342, 393 A.2d 43 (1978), we should remand the case for further hearing in light of that decision. We note that there we said pertinently:

> The eligibility for unemployment compensation of applicants who terminate their employment for marital, filial or domestic reasons must be determined under Section 402(b)(1); that is, each claimant must be afforded the opportunity to demonstrate that his termination was for a necessitous and compelling nature.

*Id.* at 351, 393 A.2d at 47.

Obviously, that was the precise procedure followed here.

## Order

And Now, this 21st day of February, 1979, the order of the Unemployment Compensation Board of Review, dated March 25, 1977, is hereby affirmed.