Arlene Frable, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Anna P. O'Donnell et al., Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

138

Argued April 9, 1980, before President Judge CRUMLISH and Judges CRAIG and WILLIAMS, JR., sitting as a panel of three.

*John J. Collins*, for petitioners.

*Elsa D. Newman-Silverstine*, Assistant Attorney General, with her *Richard Wagner*, Chief Counsel and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., July 21, 1980:

Before the Court in this matter are two distinct petitions for review. One petition (No. 1242 C.D. 1979) is a joint appeal by ten unemployment claimants[1] from orders of the Unemployment Compensation

---

[1] Anna P. O'Donnell, Yolanda Yarnall, Constance M. Bond, Rosemary Gursky, Dorothy C. Gehbauer, Alma Worthington,

Board of Review (Board) denying them benefits. The other petition (No. 2199 C.D. 1978) is a separate appeal by a single claimant[2] from an identical order of the Board; and it has been consolidated with the first for purposes of disposition. As to each of the eleven claimants, the Board affirmed the referee's decision that the claimant had voluntarily quit her employment and had not shown "cause of a necessitous and compelling nature" for doing so. The referee, therefore, ruled each of the claimants ineligible for benefits by force of Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

All of the eleven claimants were employed by the Bell Telephone Company of Pennsylvania (Bell) as telephone operators at its Tullytown office, located in Levittown, Pennsylvania. The claimants had worked for Bell for periods ranging from seven to almost twenty-one years.

In late 1977, Bell advised the claimants that it planned to close the Tullytown office where they worked, but offered them comparable employment, at the same salary, in its Philadelphia, Fort Washington and Allentown offices. Each of the claimants rejected the offered new assignments on the ground that the work schedule offered by Bell would present difficult transportation problems.

In each of the three proposed offices Bell operated on an "open end" schedule. Under that kind of schedule an employee could work different hours a day, and different days each week. However, Bell could not give the claimants an advance guarantee

Geraldine Louden, Doris E. Andrews, Nancy J. DeRolf, and Carol Drobnich.

[2] Arlene Frable.

that they would work set hours. Based on that the claimants assert in the instant appeal that uncertainties as to the availability of public transportation, at the times they might have to work, rendered the offered employment unsuitable.

Each of the claimants lived in Levittown or nearby. In that regard, the referee made the following undisputed findings, which apply to each claimant:[3]

5. Public transportation was not available between the claimant's home and Fort Washington or Allentown, Pa.

6. The claimant did not attempt to report for any assignment in the Philadelphia area because she assumed that she would be assigned schedules that would not permit her to use the available Public Transportation between her home and Philadelphia.

7. The claimant lives in a suburban area where it is not uncommon for residents to travel to Philadelphia, Pa. (approximately 25 miles), or an equal distance in other directions on a daily basis, to and from work.

The referee also found that at least five of the claimants had a driver's license and the use of an automobile. Based on these findings, the referee concluded that the claimants had not shown they ended their employment relationship with Bell for "necessitous and compelling" cause.

Because these claimants voluntarily terminated their employment, they had the burden of proving that the termination resulted from "cause of a necessitous and compelling nature" within the meaning of Section 402(b)(1) of the Law. *Milsop v. Unemploy-*

---

[3] Counsel for petitioner Arlene Frable represents in his brief that Frable is in the same identical position as the other ten claimants and that the record facts are equally applicable to her.

*ment Compensation Board of Review*, 45 Pa. Commonwealth Ct. 468, 405 A.2d 1017 (1979). For transportation inconvenience to constitute such cause, a claimant must establish that the inconvenience presented an insurmountable problem. *Shaw v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 452, 406 A.2d 608 (1979).

A claimant must also demonstrate that he, or she, took reasonable steps to remedy the transportation problem before severing the employment relationship. *Correa v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 13, 374 A.2d 1017 (1977). These claimants failed to meet that burden. The evidence establishes that they did not even report to the Philadelphia office for a new assignment or attempt to find out what specific hours Bell would actually give them. Given the years of prior service each claimant had accrued, it is conceivable they could have been given work schedules compatible with the availability of public transportation to the Philadelphia office.

A key element in proving "necessitous and compelling" cause is the presence of good faith. *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977). By not trying to find out what hours Bell would assign to them, it cannot be said that these claimants made the good faith effort consistent with a desire to be employed. Good faith requires positive conduct consistent with a genuine desire to work by the one seeking unemployment compensation. *Gasper v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 466, 399 A.2d 1144 (1979).

The failure of Bell to guarantee specific work hours in the Philadelphia office, without the claimants first reporting for assignment, did not render that offered employment unsuitable. It is difficult to imagine how

the offered employment could be deemed unsuitable without the claimants first taking the required steps to ascertain what hours they would be assigned.

As a final contention, the claimants assert that the referee capriciously disregarded evidence on the issue of commutability to the Philadelphia office from the claimants' homes. According to the claimants the testimony of the employer's representative showed a lack of commutability. Assuming, *arguendo*, that was the import of the testimony of the employer's representative, such would not have been binding on the referee. The issue of commutability was for the referee to resolve, not the employer. In our review of this case, we ascertain no basis for concluding that the referee did not give consideration to the testimony from the employer's representative. It is our conclusion that the referee's findings are supported by substantial evidence, and that the order of the Board should be affirmed.

ORDER

AND Now, the 21st day of July, 1980, the Orders of the Unemployment Compensation Board of Review denying benefits in the above captioned matters are hereby affirmed.