Greg Treon, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 12, 1980, before Judges WIL-KINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Peter B. Macky,* with him *Robert H. Steinberg,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, October 29, 1980:

This is an appeal by Greg Treon (Claimant) from an order of the Unemployment Compensation Board of Review (Board) dated July 13, 1979 denying Claimant unemployment compensation benefits.

Claimant was employed by Engineered Masonry (Employer) for approximately six months as a bricklayer at a salary of $10.70 per hour. Claimant lived in Sunbury and worked in Shamokin. When the construction project was completed on October 10, 1978, the Employer offered the Claimant similar work in the Philadelphia area at the same rate of pay. Claimant did not accept the job but informed his Employer that he would think about it. Claimant never contacted his Employer after the last day of work in Shamokin. Claimant filed for unemployment compensation benefits which were denied by the Bureau (now Office) of Employment Security (Bureau). Claimant appealed. At the referee's hearing, Claimant testified that he did not accept the job because it would last only for two months, it would be too far and too expensive to travel and that the work might not be steady owing to anticipated weather conditions. Claimant also testified that he did not want to relocate to the Philadelphia area. He further testified that he was not told he might have to move to another job site. The referee held that the Claimant voluntarily terminated the employment relationship without cause of necessitous and compelling nature and denied unemployment compensation benefits to the Claimant under the provisions of Section 402 (b)(1) of the Unemployment Compensation Law (Law).[1] In his opinion, the referee stated that the offer of continued employment involved suitable work within the meaning of Section 4(t) of the Law[2] and that the Claimant had not taken the minimal steps to preserve the employer-employee relationship. Claimant appealed to the Board which affirmed the deci-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

[2] 43 P.S. §753(t).

sion of the referee holding that Claimant failed to sustain his burden of showing that he quit for necessitous and compelling reasons. This appeal followed.

Claimant's challenge to the Board's decision raises several issues before this Court. They are: (1) whether the Board committed an error of law by concluding the Claimant voluntarily quit under Section 402(b)(1) rather than determining eligibility under Section 402(a)—good cause for refusing suitable work,[3] (2) assuming arguendo Section 402(b)(1) was legally correct whether the Board committed legal error in concluding that a construction worker who quit his job with his same employer at the same rate of pay but at a new job site, 168 miles from his home had necessitous and compelling reasons to quit, and (3) whether the Board capriciously disregarded competent evidence in making its findings and decision.

As to the first issue, this Court has held that when a Claimant is offered and refuses another position in the same company when a present job is terminated, Section 402(b) rather than Section 402(a) applies. *Dinges v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 306, 369 A.2d 898 (1977) and *Unemployment Compensation Board of Review v. Fields*, 24 Pa. Commonwealth Ct. 347, 355 A.2d 836 (1976). Although both *Dinges* and *Fields* involved a change in the work schedule for the same or similar work for the same employer, the principle remains the same. In the case at bar, Claimant was offered similar work, at the same pay but in a different location.

We also find the question of whether 402(a) or 402(b)(1) should be applied is immaterial in the case at bar. This Court in *Hammerstone v. Unemployment Compensation Board of Review*, 32 Pa. Com-

---

[3] 43 P.S. §802(a).

monwealth Ct. 256, 378 A.2d 1040 (1977) held that when the Board improperly declared a claimant ineligible under a section of the Law, a remand is not necessary if the claimant had an opportunity to present evidence on the issue upon which the case was to be decided. In *Hammerstone,* the employee was laid off by one company and offered a similar job by a second company which he refused. The Bureau denied benefits based on Section 402(a) refusal of suitable work. The referee found that the claimant had been laid off and was ineligible for unemployment compensation benefits based on Section 402(b)(1). This Court held Section 402(a) to be the applicable law and that a remand was not necessary to clarify the referee's inconsistent finding and decision because the claimant had presented evidence on the issue of suitable work at the hearing.

The question of suitability of work under Section 4(t) of the Law is a consideration of both Section 402(a) and Section 402(b)(1). In the case at bar, Claimant clearly had the opportunity to present evidence on this issue. Claimant was represented by counsel at the Board's rehearing held pursuant to this Court's order. There would be no need to remand even if we had held Section 402(a) to be the applicable law. The Board did not commit legal error in applying Section 402(b)(1).

Claimant further argues that even if the application of Section 402(b)(1) is legally correct, the Board committed legal error in concluding that the Claimant did not have ''necessitous and compelling'' reasons to quit. We disagree.

The Claimant has the burden to prove necessitous and compelling circumstances. This burden may be sustained by demonstrating that his conduct was consistent with ordinary common sense and prudence and

that the circumstances which prompted the severance of the employment relationship were "real not imaginary," "substantial not trifling" and "reasonable not whimsical." *Aluminum Co. of America v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 78, 324 A.2d 854 (1974). The law is clear that for transportation inconveniences to amount to such a reason for quitting they must be so serious and unreasonable as to present a virtually insurmountable problem. In order to make such a showing, the employee must demonstrate that he took reasonable steps to remedy or overcome his transportation problems prior to severing his employment. *Mitchell v. Unemployment Compensation Board of Review*, 45 Pa. Commonwealth Ct. 291, 405 A.2d 598 (1979); *Tyler v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 534, 395 A.2d 1045 (1979); and *Correa v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 13, 374 A.2d 1017 (1977).

Although this Court has decided numerous cases involving transportation difficulties, this is the first case concerning a construction worker who quit his job because it was so far from home. The Pennsylvania Superior Court in *Johnson v. Unemployment Compensation Board of Review*, 187 Pa. Superior Ct. 607, 146 A.2d 152 (1958) denied unemployment compensation benefits to a highway construction worker who quit when he was ordered to report to a job site 115 miles from home. Johnson advanced the same arguments as the Claimant in the case at bar.

Logic dictates that the nature of the work to be performed must be considered when determining whether there are necessitous and compelling reasons to quit. It is common knowledge that the nature of the construction business requires workers to change job sites periodically and that the jobs may not neces-

sarily be in the same town. It is also the very nature of construction work that many of the jobs are of short duration. The masonry trade is highly specialized and pays well. Claimant was offered another bricklaying job at the same salary, $10.70 per hour. He rejected the job on the basis that it was 168 miles from his hometown. Although it is reasonable not to want to commute that distance daily, Claimant did not even explore alternatives to daily commuting. Claimant's conduct was not consistent with one desiring to remain employed and did not evidence a sincere desire to overcome obstacles which construction workers must anticipate in their trade. We hold that the Claimant has not met his burden of proving necessitous and compelling reason to quit his job.

Claimant also asserts that the Board did not address several critical issues, specifically the. Claimant's reasons for not accepting the new job. The reasons included, *inter alia*, that the new job site is 168 miles from the Claimant's home and that the job would last only two months. Claimant argues that the Board capriciously disregarded evidence and failed to make all of the findings necessary for a proper decision. We disagree.

The Board found that the Claimant quit his job even though he had an offer of continuing employment in Philadelphia. It is unnecessary for the Board to review in its decision each of the Claimant's reasons for refusing employment. It is only incumbent on the Board to find those facts which are essential to support its conclusions. Although the findings of fact in the instant case were minimal, we hold that they were legally sufficient to warrant the Board's conclusion that Claimant had voluntarily quit without necessitous and compelling reasons for doing so.

We affirm the Board's denial of benefits.

## ORDER

AND Now, this 29th day of October, 1980, the decision and order of the Unemployment Compensation Board of Review dated July 13, 1979 is hereby affirmed.