Gary L. Fitzgerald, Petitioner v. Commonwealth of Pennsylvania, State Employees' Retirement Board, Respondent.

Argued May 4, 1981, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Warren R. Keck, III, Voorhies, Keck, Rowley and Wallace,* for petitioner.

*Thomas J. Mangan, Jr.,* Assistant Attorney General, with him *Harvey Bartle, III,* Attorney General, for respondent.

Opinion by Judge Mencer, July 16, 1981:

Gary L. Fitzgerald (petitioner) has appealed from an order of the State Employees' Retirement Board (Board) which denied disability benefits. We vacate and remand.

The petitioner was employed as a State Police Trooper for over 10 years. In May of 1978, the petitioner was placed on indefinite sick leave without pay after having been advised by a physician that the stress of his job was inhibiting treatment for a duodenal ulcer. The petitioner subsequently applied for disability benefits, claiming that the stress of his employment had caused the ulcer which ultimately resulted in the surgical removal of 75 percent of his stomach. In addition, the petitioner's physician indicated that, if the petitioner returned to work, then he would probably suffer a relapse.

Section 5905(c) of the State Employees' Retirement Code (Code), 71 Pa. C. S. §5905(c), provides, in pertinent part:

(c) In every case where the board has received an application for a disability annuity based upon physical or mental incapacity for the performance of the job for which the member is employed, taking into account relevant decisions by The Pennsylvania Workmen's Compensation Board, *the board shall*:

(1) through the chief medical examiner, have the applicant examined and on the basis of said examination, and the subsequent recommendation by the chief medical examiner regarding the applicant's medical qualification for a disability annuity along with such other recommendations which he may make with respect to the permanency of disability or the need for subsequent reexaminations, *make a finding of disability and whether or not the dis-*

*ability is service connected or nondisability and in the case of disability establish an effective date of disability* and the terms and conditions regarding subsequent reexaminations. . . . (Emphasis added.)

The petitioner's application was considered by a hearing examiner for the Board, who found that the petitioner was physically incapable of performing his job and that his physical condition arose from his employment. The hearing examiner recommended that the application for benefits should be granted. Without taking additional testimony and without making findings of fact or conclusions of law or adopting the findings and conclusions of the hearing examiner, the Board stated that "[t]he Board considered this recommendation and reviewed all the medical evidence submitted in this case. As a result, the Board disagreed with the Hearing Examiner's recommendation and unanimously voted to deny the disability benefit."

This Court has consistently held that it will not review an administrative order which does not contain the required findings of fact and conclusions of law. *See, e.g., Tyler v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 534, 395 A.2d 1045 (1979). Our Supreme Court stated, in *Page's Department Store v. Velardi,* 464 Pa. 276, 287, 346 A.2d 556, 561 (1975), as follows:

When the fact finder in an administrative proceeding is required to set forth his findings in an adjudication, that adjudication must include all findings necessary to resolve the issues raised by the evidence and which are relevant to to a decision. An appellate court or other reviewing body should not infer from the absence of a finding on a given point that the question was resolved in favor of the party who prevailed below, for the point may have been over-

looked or the law misunderstood at the trial or hearing level. In cases such as the one before us in which essential findings of fact were not made the case must be remanded so that the findings may be supplied.

For this reason, we must remand this case to the Board, so that the requisite findings and conclusions may be made.

Accordingly, we enter the following

ORDER

AND Now, this 16th day of July, 1981, the decision of the State Employees' Retirement Board, dated February 21, 1980, which denied disability benefits to Gary L. Fitzgerald, is hereby vacated, and the case is remanded for further action consistent with this opinion.