John V. Niper, Petitioner v. Commonwealth of Pennsylvania, State Employes' Retirement System, Respondent.

Submitted on briefs December 18, 1981, to Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*Craig S. Boye,* for petitioner.

*Thomas J. Mangan, Jr.,* Assistant Attorney General, with him *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE MENCER, March 8, 1982:

John V. Niper (claimant) has appealed from an order of the State Employes' Retirement Board (Board) which denied disability benefits. We vacate and remand.

Upon terminating his employment with the Pennsylvania Department of Transportation, claimant applied for disability benefits, alleging that he suffered from emphysema, arthritis, and an ulcer. After taking testimony, the hearing examiner recommended that claimant be awarded benefits. The Board did not take additional testimony or make findings of fact and conclusions of law; it instead notified claimant's attorney by certified mail that the "Board considered [the Hearing Examiner's] recommendation and reviewed all the medical evidence submitted in this case.... As a result, the Board disagreed with the Hearing Examiner's recommendation and unanimously voted to deny the disability benefit."

This case is controlled by *Fitzgerald v. State Employees' Retirement Board,* 60 Pa. Commonwealth

Ct. 558, 432 A.2d 285 (1981), where we stated that we will not review an administrative order that does not contain the required findings of fact and conclusions of law.[1]

Accordingly, we remand this case to the Board for further proceedings consistent with this opinion.

ORDER

AND Now, this 8th day of March, 1982, the decision of the State Employes' Retirement System, dated December 21, 1979, denying disability benefits to John V. Niper, is vacated, and the case is remanded for further action consistent with this opinion.

Judge PALLADINO did not participate in the decision in this case.

---

[1] Section 5905(c)(1) of the State Employees' Retirement Code, 71 Pa. C. S. §5905(c)(1), imposes upon the Board the duty of making "a finding of disability and whether or not the disability is service connected or nondisability and in the case of disability establish an effective date of disability...."