Robert E. Wilson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs March 1, 1982 to Judges CRAIG, MACPHAIL and DOYLE, sitting as a panel of three.

*Marion B. Cocose,* with her *Marian E. Frankston,* for petitioner.

*Charles Hasson,* Associate Counsel, for respondent.

OPINION BY JUDGE CRAIG, April 13, 1982:

Claimant Robert Wilson, last employed as a truck driver by the S & S Trucking Company, questions a denial of benefits by the Unemployment Compensation Board of Review, affirming a referee's decision that he was ineligible because he voluntarily terminated his employment without cause of a necessitous and compelling nature.[1]

Dissatisfied with job duties which required that he unload heavy furniture without assistance, the claimant did not report back to work after returning the truck to his employer's premises at the end of a nine-day trip.

Although the unloading duties, as claimant described them, appeared to present difficulties needing some resolution and remedy, the claimant's failure to discuss his complaints with the company president, who had previously explained the job duties, or to request lighter work, demonstrated that the claimant lacked the requisite prudence in quitting, *Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A.2d 132 (1977), *Aluminum Company of America v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 78, 324 A.2d 854 (1974), and made no reasonable effort to preserve his

---

[1] Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

employment status, *Stacy v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 355, 402 A.2d 330 (1979), thus disqualifying him from eligibility. *Tuono v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 583, 422 A.2d 240 (1980).

Determining that there is ample evidence to support the board's findings and ascertaining no errors of law, we affirm. *Ounan v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 432, 409 A.2d 972 (1980).

ORDER

Now, April 13, 1982, the order of the Unemployment Compensation Board of Review, No. B-185471, dated June 27, 1980, is affirmed.