Paul Alexander, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 5, 1982, before Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Paul A. Alexander,* petitioner, for himself.

*Francine Ostrovsky,* Associate Counsel, with her *James Bradley,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, June 21, 1982:

Paul A. Alexander (Claimant) appeals here from a Decision and Order of the Unemployment Compensation Board of Review (Board) which held that Claimant had voluntarily terminated his employment "without cause of a necessitous and compelling nature," and that he was therefore disqualified from receiving unemployment compensation benefits by Section 402(b)(2) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b) (1).[1] We affirm.

The facts in this case are not in dispute. Claimant was last employed as a $7.35 per hour machine shop foreman for BWH Stamping, Inc. (BWH), a position he held for approximately one month. Shortly after Claimant began working for BWH his automobile broke down and he was consequently unable to use it to commute the approximately 28 miles between his home and work. To overcome this problem Claimant temporarily used a BWH truck to commute to work, and when this truck had to be returned for other duties, Claimant was able to obtain rides to and from work with co-workers. During this period BWH offered to tow Claimant's car into work so that he could work on it there, but Claimant refused this offer, and subsequently voluntarily terminated his employment on October 30, 1979, without explanation. Before the referee, however, Claimant testified that he left his job because he was dissatisfied with his transportation

___

[1] Pursuant to Section 13 of the Act of July 10, 1980, P.L. 521, Section "402(b)(1)" is now Section "402(b)" of the Law, 43 P.S. §802(b).

arrangements with his co-workers and because he felt he needed some time off, which BWH refused to grant, to work on his car at home.

Based on the above facts and testimony, the Board concluded that Claimant failed to "take all the necessary and reasonable steps to solve the transportation difficulties that he experienced[,]" and that he accordingly failed to establish that he terminated his employment for "cause of a necessitous and compelling nature." Before this Court, Claimant alleges that the Board erred as a matter of law in reaching this conclusion. We disagree.

A claimant has the burden of establishing that his termination resulted from "cause of a necessitous and compelling nature" within the intendment of Section 402(b)(1) of the Law. *Treon v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 412, 421 A.2d 525 (1980). "For transportation inconvenience to constitute such cause, a claimant must establish that the inconvenience presented an insurmountable problem." *Frable v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 137, 141, 416 A.2d 1164, 1166 (1980); *Shaw v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 452, 406 A.2d 608 (1979). "It is also required that a claimant must demonstrate that he or she took reasonable steps to remedy or overcome the transportation problems prior to severing the employment relationship." *Mitchell v. Unemployment Compensation Board of Review*, 45 Pa. Commonwealth Ct. 291, 293, 405 A.2d 598 (1979); *Correa v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 13, 374 A.2d 1017 (1977).

In the present case we believe that Claimant's failure to continue riding to work with his co-workers, and to investigate the possibility of having his car repaired at some place other than his home, indicates that he

failed to take reasonable steps to overcome his transportation difficulties. He also refused his employer's offer to tow the car into work so that he could work on it there. Although Claimant did testify before the referee that he initially towed his car to a repair shop near his home, and that this shop was unable to repair his car, this fact does not, in our view, indicate that Claimant could not have had his car repaired at another shop, and accordingly we do not believe that this fact constituted "cause of a necessitous and compelling nature for terminating employment."

Accordingly, we will enter the following

ORDER

Now, June 21, 1982, the Decision and Order of the Unemployment Compensation Board of Review, Decision No. B-182679, dated March 31, 1980, is affirmed.

Judge MENCER did not participate in the decision in this case.