Vincent P. Wychunas, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 15, 1982, to President Judge CRUMLISH, JR. and Judges BLATT and DOYLE, sitting as a panel of three.

*James D. Watt, Jr.,* for petitioner.

*Karen Durkin,* Associate Counsel, with her *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, January 12, 1983:

This is an appeal by Vincent P. Wychunas (Claimant) from an order of the Unemployment Compensation Board of Review (Board) which affirmed the decision of a referee to deny unemployment compensation benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law (Law).[1]

Claimant was last employed by the M.S.W. Coal Company (Employer) as a mine laborer. On February 27, 1980, Claimant's final day of work, Claimant voluntarily terminated his job without advising the Employer of either his intent to terminate or the cause for termination. Two weeks later, when he was contacted by the Employer, Claimant informed the Employer that he did not intend to return to work. Subsequently, on May 4, 1980, Claimant filed an application for unemployment compensation benefits. Claimant contended that either a disabling condition to his elbow or alleged safety hazards in the mine provided a cause of necessitous and compelling nature for ter-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). Pursuant to Section 13 of the Act of July 10, 1980, P.L. 521, Section 402(b)(1) is now Section 402(b) of the Law.

minating his employment. Following a hearing, however, the referee determined, and the Board agreed, that Claimant's voluntary termination was without cause of a necessitous and compelling nature thereby rendering him ineligible for benefits pursuant to Section 402(b)(1) of the Law. Before this Court, Claimant argues that his voluntary termination for health and safety reasons constitutes a cause of necessitous and compelling nature.

Under Section 402(b)(1) of the Law, an employee is ineligible for unemployment compensation for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ." An unemployment compensation claimant who has voluntarily terminated his employment has the burden of establishing that the termination resulted from cause of a necessitous and compelling nature. *Alexander v. Unemployment Compensation Board of Review,* 67 Pa. Commonwealth Ct. 224, 446 A.2d 991 (1982). Whether a claimant has such a cause is a legal conclusion subject to appellate review. *Adamski v. Unemployment Compensation Board of Review,* 64 Pa. Commonwealth Ct. 639, 441 A.2d 502 (1982).

A health problem may constitute a necessitous and compelling reason for the voluntary termination of employment. *Baldassano v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 457, 383 A.2d 988 (1978). To qualify for unemployment compensation benefits, however, a claimant must prove, by competent evidence,[2] that a problem, sufficient to justify termination, existed at the time of termination and that he informed the employer of the

---

[2] *Steffy v. Unemployment Compensation Board of Review,* Pa. , A.2d (No. 80-3-736, filed December 17, 1982).

problem at that time.[3]  *Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A.2d 132 (1977).   Although the record contains testimony regarding an alleged health problem,[4] the Board made the following crucial findings of fact which were uncontested by the Claimant:

3. Claimant was not under the care of a physician at the time of his voluntary termination.

4. Claimant did not advise his employer of his health problems.

Based upon these findings of fact, which are supported by substantial competent evidence, and upon the standards set forth in *Deiss,* we conclude that Claimant's health problem does not provide cause of a necessitous and compelling nature.

In the alternative, Claimant argues that his voluntary termination was the result of certain safety hazards in the Employer's mine.[5]   Abnormal safety hazards may constitute cause of a necessitous and compelling nature for terminating employment.  *Southerland Unemployment Compensation Case,* 202 Pa. Superior Ct. 149, 195 A.2d 138 (1963).   Here, however, the Board determined that Claimant failed to meet

---

[3] Prior to the decision of the Pennsylvania Supreme Court in *Genetin v. Unemployment Compensation Board of Review,*      Pa. , 451 A.2d 1353 (1982), this Court also required a claimant to prove that he had actually requested a transfer to a position of employment which was suitable to his condition. *See Johnson v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 409, 442 A.2d 853 (1982). In *Genetin,* however, the Supreme Court ruled this requirement to be an "unwarranted imposition of responsibility upon the employee. . . ." *Id.* at    , 451 A.2d at 1356.

[4] Claimant complained of epicondylitis of the elbow.

[5] Claimant testified that he occasionally worked in an area of the mine which was too far from a safety device known as a "self-rescuer."

his burden to establish that the alleged hazards provided no alternative but to terminate his employment. Our review of the testimony reveals that Claimant failed to show that the hazard was either abnormal or in violation of the law, or that he had exhausted all other means of correcting the problem. We are convinced that the Board properly construed Claimant's concern as an expression of his dissatisfaction with his working conditions, which does not constitute cause of a necessitous and compelling nature. *Wilson v. Unemployment Compensation Board of Review*, 66 Pa. Commonwealth Ct. 93, 443 A.2d 866 (1982).

ORDER

Now, January 12, 1983, the order of the Unemployment Compensation Board of Review at B-187777, dated September 12, 1980 is hereby affirmed.