Peggy Laws, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 8, 1980, before Judges ROGERS, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Harold I. Goodman,* with him *Alan L. Phillips* and *Taylor Aspinwall,* for petitioner.

*Stephen B. Lipson,* Assistant Attorney General, with him *William Kennedy,* Assistant Attorney General, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

426

OPINION BY JUDGE ROGERS, April 10, 1980:

Peggy D. Laws has appealed from a decision of the Unemployment Compensation Board of Review affirming in part a referee's decision denying her benefits on the ground that she had been discharged from employment for willful misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law,[1] as amended, 43 P.S. §802(e). We affirm.

The appellant was employed for aproximately six years as a caseworker for the Pennsylvania Department of Public Welfare. For the last four years of her employment, she was classified as an Income Maintenance Worker II, a position which required her to interview applicants for public assistance in order to determine and verify their eligibility for various assistance programs. One of the normal duties of a caseworker was to make visits to the applicants' homes. For most of her six years as a caseworker, however, the appellant was assigned to a special neighborhood centers program, where only occasional home visits were necessary. In September 1977, the appellant was transferred to a public assistance district office where she was assigned cases which required her to perform regular field work. The appellant objected to this transfer and requested reassignment on the ground that she was unable to perform field work because of arthritis in her left foot. The request was denied and the appellant worked in the district office until April 12, 1978 when she went on an approved medical leave of absence because of recurrent episodes of pain and tightness in her chest, which her physician said were related to the stress and strain of her job. On May 24, 1978, her physician wrote that the appellant was "considered clinically improved for work." The appellant returned to work on June 12, 1978 but when she re-

[1] Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897.

fused to resume her former casework assignment, she was sent home and suspended pending further investigation of her medical condition. She provided additional medical information to the Department and again requested reassignment to a position without field work, offering to take a voluntary demotion in order to achieve this. On July 7, 1978, the Department offered to transfer the appellant to a Clerk II position, in which she would not be required to leave the office. This transfer would have involved a demotion from casework to clerical work and a decrease in annual salary from $14,259.00 to $10,900.00. The appellant refused to accept the assignment to Clerk II and also refused to continue her medical leave of absence and the Department discharged her.

The appellant applied for unemployment compensation benefits[2] and the Bureau (now Office) of Employment Security approved her application. The Department appealed the Bureau's decision and a referee, after a hearing at which the appellant appeared without counsel, reversed the Bureau and denied benefits on the ground that the appellant was guilty of willful misconduct for refusing work compatible with her disability and refusing a medical leave of absence. The appellant appealed to the Board of Review which appointed a hearing officer to receive additional testimony. The hearing officer conducted a second hearing, at which the appellant was represented by an attorney, and the Board subsequently found that the appellant was physically unable to perform the field work requirements of a caseworker, that all casework-

[2] The appellant also appealed her dismissal to the State Civil Service Commission, which upheld the dismissal. She has appealed the Commission's decision to this Court. *See Laws v. Philadelphia County Board of Assistance, Department of Public Welfare*,    Pa. Commonwealth Ct.    ,    A.2d    (No. 629 C.D. 1979, filed April 8, 1980).

ers are required to do field work and that the appellant refused to accept the offer of a Clerk II position, the only available work compatible with her physical limitations. Based on these findings, the Board reversed the referee's denial of benefits for the period from June 12, 1978 to July 7, 1978, concluding that the appellant's physical condition provided good cause for her refusal to resume her casework assignments during that period. The Board affirmed the referee's denial of benefits for the period following July 7, 1978, concluding that the Clerk II position was suitable work within the meaning of Section 4(t) of the Law, 43 P.S. §753(t) and that the appellant's refusal to accept the position constituted willful misconduct. This appeal followed.

The appellant first says that the Board erred as a matter of law in failing to determine that the Department discriminated against her because of her physical disability in violation of the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §951 et seq. The appellant failed to raise this issue before the unemployment compensation authorities, despite ample opportunities for doing so. The issue of discrimination is therefore not properly before us on appeal and it is unnecessary for us to address it here.[3] *Rinehart v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 15

---

[3] We note, however, that we disagree with the appellant's contention that despite her failure to raise the issue below, the record contains sufficient proof of unlawful discrimination to enable us to decide the question in her favor. Section 5(a) of the Pennsylvania Human Relations Act, 43 P.S. §955(a), makes it unlawful for an employer to discriminate because of a non-job related handicap or disability. Section 4(p) of the Act, 43 P.S. §954(p) defines non-job related handicap or disability as one which does not substantially interfere with the employee's ability to perform an essential function of the job. Here, the Board found that the appellant was physically unable to perform field work, a function required of all caseworkers.

389 A.2d 243 (1978). Furthermore, we note that the appellant did not file a complaint with the Human Relations Commission, the administrative body specifically established to investigate and remedy violations of the Human Relations Act,[4] nor has she advanced any reason for her failure to do so.

The appellant next says that the Board erred in deciding that the Clerk II position offered to her by the Department was suitable work within the meaning of Section 4(t) of the Unemployment Compensation Law, 43 P.S. §753(t). We disagree.

Section 4(t) defines suitable work as "all work which the employe is capable of performing." Among the factors that the Board is required to consider in determining suitability are the degree of risk involved to the employe's health, safety and morals, her physical fitness, prior training and experience and her previous earnings. The appellant says that the Clerk II position was not suitable work because it would have been inconsistent with her previous training and experience and would have entailed a decrease in annual salary of approximately $3,300. In support of this contention she cites the *Shay Unemployment Compensation Case,* 424 Pa. 287, 227 A.2d 174 (1967), in which the Supreme Court held that a carpenter and bricklayer who had been laid off from their jobs were not required to accept proffered employment as laborers at a considerable reduction in pay. The court held that the job of laborer was not suitable work for men who could expect to find employment that utilized their specialized skills. That case is inapposite here where the appellant was not laid off but became incapable of performing the field work requirement of her job as a caseworker. The Board found on the basis of competent evidence that the only available position compat-

---

[4] *See* Sections 6 and 7 of the Pennsylvania Human Relations Act, 43 P.S. §§956, 957.

ible with her physical limitation was Clerk II. The Board did not err in concluding that the reduction in salary did not render the Clerk II position unsuitable in light of the appellant's disability.

The appellant also says that the Board erred in ignoring evidence that the Department had caseworker positions that required little or no field work and that such a position would have been more suitable for her. This contention is contrary to the Board's finding that all caseworkers are required to perform field work. The Board's finding is supported by the testimony of Michael Keough, a personnel analyst for the Department, who testified that field work is a requirement for all caseworkers and that the neighborhood centers program, where field work had been infrequent, was terminated shortly after the appellant's transfer to the district office.

Finally, the appellant says that she was not guilty of willful misconduct because she had good cause for refusing the assignment as Clerk II. Refusal of an employer's reasonable work assignment constitutes willful misconduct absent proof by the employee that the refusal was for good cause. *Hayes v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 49, 387 A.2d 186 (1978). As evidence of good cause, the appellant cites her good faith desire to work and her repeated requests for reassignment to a casework position that would not have involved extensive field work. We fail to see how these assertions provided the appellant with good cause for refusing the only job assignment that would have permitted her to remain employed while not performing field work.

Order affirmed.

## Order

And Now, this 10th day of April, 1980, the order of the Unemployment Compensation Board of Review is affirmed.

President Judge Bowman did not participate in the decision in this case.