Teresa M. Winterle, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 3, 1982, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Doris J. Dabrowski, Tabas and Furlong, P.C.,* for petitioner.

*Charles Hasson,* Associate Counsel, with him *Charles Donahue,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, March 29, 1982:

Teresa M. Winterle has appealed from an order of the Unemployment Compensation Board of Review affirming the decision of a referee denying Winterle unemployment compensation benefits because she voluntarily left work without cause of a necessitous and compelling nature. Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1), now 43 P.S. §802(b).

The claimant went to work for Rohm & Haas as a temporary secretary filling in for temporarily absent regular employees. She hoped to get a permanent position. She had completed two temporary secretarial assignments. When she was assigned a third, she quit to seek permanent employment elsewhere. When she left Rohm & Haas she did not have a definite offer of other work.

The claimant argues that her separation has been incorrectly characterized as a voluntary termination and that she can only be declared ineligible if it is determined that she refused suitable work without good cause, as provided by Section 402(a), 43 P.S. §802(a). She contends that when she completed her second secretarial assignment she became unemployed and that she had "good cause" for refusing still another temporary job under Section 402(a). We disagree. Section 402(b) governs this case of one offered an extension of temporary employment. In *Treon v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 412, 421 A.2d 525 (1980) we held that one whose job is terminated but whose employer offers him continuing work which he refuses is a voluntary quit.

As noted, the claimant refused her employer's offer of continued temporary employment in order to seek permanent employment. One who leaves work for other employment without a firm offer of employment is ineligible for unemployment compensation. The mere possibility of getting another job is not necessitous and compelling cause for quitting. *O'Connor v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 573, 413 A.2d 458 (1980).

However, 34 Pa. Code §65.62(b) is applicable to the case at bar. This regulation provides:

When a claimant has been declared ineligible because of a refusal of temporary or casual employment, the ineligibility shall continue only for the period of time that work would have been furnished.

Under the regulation, the claimant, if still unemployed, would have become eligible for benefits when the period of time that work would have been fur-

nished her under the third temporary position would have ended. This matter does not seem to have been a subject of consideration below so that we will vacate the Board's order of simple ineligibility and remand the record for further proceedings not inconsistent herewith.

ORDER

AND Now, this 29th day of March, 1982, the order of the Unemployment Compensation Board of Review dated October 8, 1980, is vacated and the record remanded for further proceedings not inconsistent with this opinion.