Julian Lopez, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 13, 1982, to President Judge CRUMLISH, JR. and Judges BLATT and MAC-PHAIL, sitting as a panel of three.

*David A. Scholl,* for petitioner.

*Charles Donahue,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., November 5, 1982:

The Unemployment Compensation Board of Review by order affirmed the referee's denial of benefits to Julian Lopez. We affirm.

Lopez returned to employment after a seven-week medical leave of absence and was assigned to a different job because his usual position had been phased out. After one half-hour, Lopez claimed that he could not do the job, due to physical problems, and requested lighter work. Following a work ultimatum, he failed to return to his work station and was fired.

The referee concluded that Lopez's failure to return was a voluntary quit under Section 402(b)(1) of the Unemployment Compensation Law (Law).[1] The Board affirmed the denial, but concluded that Lopez's failure to return to his station amounted to willful misconduct under Section 402(e) of the Law.[2]

An employee's "[r]efusal of an employer's reasonable work assignment constitutes willful misconduct absent proof by the employee that the refusal was for

[1] Section 402(b)(1) of the Law states that a claimant will be ineligible for benefits for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of necessitous and compelling nature . . . ." Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

[2] Section 402(e) provides in pertinent part that a claimant will be ineligible for benefits any week "[i]n which his unemployment is due to his discharge . . . from work for willful misconduct connected with his work . . . ." 43 P.S. §802(e).

good cause.'' *Laws v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 424, 430, 412 A.2d 1381, 1384 (1980). Lopez contends on appeal that his alleged physical difficulties constituted good cause for his refusal to accept the new assignment.

Where, as here, the party with the burden of proof[3] did not prevail below, our scope of review is limited to determining whether the Board's findings of fact are consistent with one another and with the conclusions of law and whether they can be sustained without capricious disregard of competent evidence. *Ruckstuhl v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 302, 426 A.2d 719 (1981).

The only evidence presented to substantiate Lopez's claim of good cause was his *own* testimony regarding the physical problems he experienced in executing the assigned task. The Board is the final arbiter of credibility and may even reject uncontradicted testimony, *Eduardo v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 424, 434 A.2d 215 (1981). The Board noted here his testimony, hence it cannot be said that its rejection was capricious.

Affirmed.

### ORDER

The order of the Unemployment Compensation Board of Review, No. B-193195 dated March 12, 1981, is affirmed.

---

[3] The burden of proving willful misconduct is upon the employer. *Devine v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 318, 429 A.2d 1243 (1981). However, where the employer has discharged its burden, as in the present case, and the claimant attempts to justify the alleged misconduct by a showing of good cause, the claimant must bear the burden of proving good cause. *Darby Township v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 284, 429 A.2d 1223 (1981).

AMENDING ORDER

Now, November 22, 1982, the Order of this Court dated November 5, 1982, is hereby amended to read as follows:

The order of the Unemployment Compensation Board of Review, No. B-193195-B dated July 30, 1981, is affirmed.