Veronica Rich, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

354

Submitted on briefs May 3, 1984, to Judges CRAIG, BARRY and BLATT, sitting as a panel of three.

*Doris J. Dabrowski, Tabas, Furlong and Rosen,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, August 6, 1984:

Claimant Veronica Rich appeals an order of the Unemployment Compensation Board of Review which reversed a referee's decision and denied her benefits

pursuant to section 402 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Special Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b) (voluntary quit).

The claimant had been employed at the Albert Einstein Medical Center as a mental health worker at a rate of $604.63 biweekly. The Center abolished that position and offered her a position as a psychiatric aide, which paid $543.43 biweekly. She refused that offer because of the reduction in salary and because of her belief that the position would not properly use her previous training and experience.

The claimant argues in this appeal that: (1) because her position as a mental health worker was abolished, the board erred in concluding that this case was a voluntary quit pursuant to section 402(b) of the Law, 43 P.S. §802(b), and should have analyzed the claim pursuant to section 402(a) of the Law, 43 P.S. §802(a) (failure, without good cause, to accept suitable work); and (2) the board erred in concluding that the position as a psychiatric aide was "suitable work."

In *Treon v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 412, 421 A.2d 525 (1980) (rev'd on other grounds, *Treon v. Unemployment Compensation Board of Review,* 499 Pa. 455, 453 A.2d 960 (1982)), we held that section 402(b) of the Law, 43 P.S. §802(b) is applicable when, as here, a claimant is offered and refuses another position in the same company when a present job is terminated. *See also Winterle v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 486, 442 A.2d 1211 (1982). We will, therefore, affirm the board on that first issue.

As to the suitable work issue, section 402(b) of the Law, 43 P.S. §802(b) provides, in part, as follows:

An employe shall be ineligible for compensation for any week—

(b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . . Provided . . . that in determining whether or not an employe has left his work voluntarily without cause of a necessitous and compelling nature, the department shall give consideration to the same factors, insofar as they are applicable, provided, with respect to the determination of suitable work under section four (t).

Section 4 of the Act, 43 P.S. §753 provides, in part, that:

(t) "Suitable Work" means all work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, prior training and experience, and the distance of the available work from his residence. The department shall also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing condition of the labor market generally and particularly in his usual trade or occupation, prevailing wage rates in his usual trade or occupation and the permanency of his residence.

. . .

Accordingly, in determining what is suitable work, we have previously held that the board is required to consider, among other factors, the claimant's previous training, experience, and salary. *Laws v. Unemployment Compensation Board of Review,* 50 Pa.

Commonwealth Ct. 424, 412 A.2d 1381 (1980). Although we have held that substantial disparity between previous compensation and that of the proffered compensation does not alone render work unsuitable. *Eichman v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 21, 409 A.2d 1389 (1980), our case law has not required an applicant to accept a position requiring substantially less skills and offering less pay without having an opportunity to attempt to find employment more appropriate to his skills. *Bethlehem Steel Corporation v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 292, 310 A.2d 697 (1973).

The record indicates that this claimant had earned a bachelor's degree in her discipline, had twenty years of experience in her field, and received compensation set at $604.00 biweekly. As part of her duties as a mental health worker, furthermore, she had participated in qualified decision-making concerning patients. The proffered position as a psychiatric aide obviously would not require all of her previous experience and training.

Although the claimant's qualifications for her former position as a mental health worker included a college degree and two decades of experience in that decision-making position, we must conclude that the board was not guilty of either a capricious disregard of evidence or an error of law[1] in concluding that the psychiatric aide job was suitable work not warranting rejection by the claimant.

_____

[1] Where the party with the burden of proof does not prevail before the board, our scope of review is limited to determining whether or not the findings of fact are consistent with each other and with conclusions of law, and if they can be sustained without a capricious disregard of competent evidence. *Adamski v. Unemployment Compensation Board of Review*, 64 Pa. Commonwealth Ct. 639, 441 A.2d 502 (1982).

With recognition that the pay amount reduction alone did not warrant the refusal, *Eichman,* this court cannot suggest as a matter of law that a position within the same discipline may be rejected after eight weeks of unemployment chiefly because it lacks a need for substantial experience or requirement of a college degree.

Section 4 of the Law begins with the proposition that suitable work is "all work which the employee is capable of performing. . . ." Although the same section also lists previous training and experience as judgmental factors, determination of factual differences should be left largely in the hands of the board.

We therefore will affirm.

ORDER

Now, August 6, 1984, the order of the Unemployment Compensation Board of Review is affirmed.

---

DISSENTING OPINION BY JUDGE BLATT:

I respectfully dissent.

While the majority's restatement of statute and case law is correct, my review of this record indicates that this claimant, who had earned a Bachelor's degree in her discipline, had twenty years of experience in her field and was receiving compensation set at $604 biweekly. She also participated in qualified decision-making concerning her patients. When that position is compared to the proffered position as a psychiatric aide, I believe that substantial disparities must be found to exist which render the proffered position unsuitable.

Not only is the claimant receiving lesser compensation, which is admittedly an insufficient condition alone for a justified refusal of the offer, *Eichman v. Unemployment Compensation Board of Review,* 49 Pa. Commonwealth Ct. 21, 409 A.2d 1389 (1980), but

the position offered would have denied her the opportunity to participate in *any* type of qualified decision-making. Additionally, and equally important, is the fact that *any* applicant would be considered adequately trained for the proffered position within 3-6 months, and that no advanced degree of *any* kind is required. Furthermore, only eight weeks had elapsed between the time the claimant was informed of the decision to abolish her position and the time of her required acceptance of the lesser position.

The majority of the Court, I believe, has wrongfully opted to endorse an order which compels an educated, experienced claimant, at the risk of losing unemployment compensation, to accept a position requiring little advanced education and little, if any, experience, without allowing adequate time for the applicant to seek work at her professional level—and even, perhaps, at the risk of impairing the applicant's subsequent opportunities to obtain work at that level. In so doing, I believe that the majority has narrowed future analyses of "suitable work" to defining it as "any work which a claimant is capable of doing", which I believe would be in direct contradiction of the language contained in Section 4 of the Act.