540 A.2d 624

Bernice W. Katz, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Charles White, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Charles White, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Bernice W. Katz, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 22, 1988, before Judges CRAIG, DOYLE and PALLADINO, sitting as a panel of three.

*John Stember,* with him, *Joseph S. Hornack, Michael Antol,* for petitioners.

*Patricia Krise-Bilzi,* Assistant Counsel, with her, *Jonathan Zorach,* Assistant Counsel, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, April 25, 1988:

Bernice W. Katz and Charles White appeal a decision of the Unemployment Compensation Board of Review, affirming a referee's decision that denied the claimants' petitions for benefits.

The claimants present two issues for this court's consideration. The first issue is whether, under the facts before the board, the third trimester (spring term) of the employer, the University of Pittsburgh (Pitt), is an "academic term" as contemplated by section 402.1(2) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802.1(2). The second issue is whether an unappealed grant of benefits to the claimants in 1984, based on a determination that the spring term constituted an "academic term", precludes the board from reconsidering the "academic term" issue in claimant's applications for benefits in subsequent years.

Because we conclude that Pitt's spring term is an "academic term" within the meaning of section 402.1(2) of the Law, we reverse.

The history of the case is undisputed. In April of 1984 Pitt laid off Mr. White, a dormitory attendant, at the conclusion of the winter term but assured him that he would be rehired for the fall term. Mr. White applied for unemployment compensation benefits, and the board concluded that Pitt's spring term constituted an "academic term" under section 402.1(2) of the Law,[1] and therefore, that Mr. White's layoff did *not* occur between academic terms or years. Accordingly, the board granted Mr. White benefits. The employer did not appeal that decision.

In April of 1984, Pitt also laid off Ms. Katz, a secretary, during the spring term. Ms. Katz applied for and received benefits. Pitt did not appeal the referee's decision granting Ms. Katz unemployment benefits.

In April of 1985 and 1986, Pitt again laid off Mr. White and Ms. Katz during the spring term, and they both applied for unemployment compensation benefits. Pitt contested the applications for benefits. The board reconsidered its 1984 determination and concluded that the spring term did not constitute an "academic term" as contemplated by section 402.1(2) of the Law. Accordingly, the board denied benefits.

Our scope of review is limited to a determination of whether the Unemployment Compensation Board of Review committed an error of law or whether the

---

[1] 43 P.S. §402.1(2) provides:

(2) With respect to services performed after October 31, 1983, in any other capacity for an educational institution, benefits shall not be paid on the basis of such services to any individual for any week which commences during a period between two successive academic years or terms if such individual performs such services in the first of such academic years or terms and there is a reasonable assurance that such individual will perform such services in the second of such academic years or terms.

428

board's findings of fact are supported by substantial evidence. *Wertman v. Unemployment Compensation Board of Review,* 103 Pa. Commonwealth Ct. 376, 520 A.2d 900 (1987).

The undisputed evidence before the board shows that Pitt describes its academic calendar as one that consists of three fifteen-week terms. Moreover, the courses offered in the spring term require the same number of course hours and are given the same credit as those in the other terms. Accordingly, the board made the following finding of fact:

2. The University of Pittsburgh has three academic terms per year.

In spite of the specific finding that the spring term is an "academic term", the board nonetheless denied benefits concluding that because of a decrease in enrollment the spring term is not a *regular* academic term, and that the legislature enacted section 402.1(2) of the Law in order to "deny benefits to claimants who are employed between their 'regular' periods of employment between regular academic years. . . ." In reaching these conclusions the board stated:

[W]e infer from the institution's regular offerings and academic requirements that the summer program at this institution, as in all academic institutions, is provided as a service to the student but was not intended to be a regular part of the students' educational program. . . . The key factor as far as we can see is the composition of the regular academic year and the regular academic program. Under these criteria, we believe that neither the Pennsylvania legislature . . . contemplated granting benefits to plaintiffs of this sort.

The board has violated a legislatively recognized tenet of statutory construction by interpreting the un-

ambiguous language of "academic term" to mean *regular* academic term in order to effectuate the board's perception of the legislative intent.

Section 1921(b) of the Statutory Construction Act provides:

> (b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

1 Pa. C. S. §1921(b).

Moreover, the Pennsylvania Supreme Court has stated that in construing the Unemployment Compensation Law:

> an unemployed worker can be denied benefits only by *explicit* language in the Act which clearly and plainly excludes that worker from its coverage.

*Penn Hills School District v. Unemployment Compensation Board of Review,* 496 Pa. 620, 625, 437 A.2d 1213, 1215 (1981) (emphasis in original).

Therefore, we conclude that the board committed an error of law in denying benefits because the statute explicitly states that an individual will be denied benefits only if laid off between academic terms. Because the spring term is an "academic term", and the Law contains no explicit language regarding *regular* academic terms, the claimants are entitled to benefits when laid off during the spring term.

Because of our determination that the board committed an error of law in denying claimant's benefits on the grounds that the spring term was not a *regular* academic term, we need not consider the second issue advanced by the claimants.

Accordingly, we reverse.

## ORDER IN 1807 C.D. 1986

Now, April 25, 1988 the order of the Unemployment Compensation Board at Decision No. B-248944, dated May 16, 1986, is reversed.

## ORDER IN 1959 C.D. 1986

Now, April 25, 1988 the order of the Unemployment Compensation Board at Decision No. B-249401, dated June 2, 1986, is reversed.

## ORDER IN 3321 C.D. 1986

Now, April 25, 1988 the order of the Unemployment Compensation Board at Decision No. B-253631, dated October 17, 1986, is reversed.

## ORDER IN 23 C.D. 1987

Now, April 25, 1988 the order of the Unemployment Compensation Board at Decision No. B-254487, dated December 1, 1986, is reversed.