544 A.2d 554

Ricky L. Weaver, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 3, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Michael Goldberg,* for petitioner.

*James K. Bradley,* Assistant Counsel, with him, *Clifford F. Blaze,* Chief Counsel, for respondent.

OPINION BY JUDGE SMITH, July 18, 1988:

Ricky L. Weaver, Claimant, appeals from a denial of benefits by the Unemployment Compensation Board of Review (Board) pursuant to Section 402(b) of the Pennsylvania Unemployment Compensation Law (Law).[1] The issues presented in this appeal are whether Claimant voluntarily terminated his employment without cause of a necessitous and compelling nature, and whether Claimant was unemployed through no fault of his own at the time of his claim for benefits. The Board's decision is affirmed.

The findings of fact as found by the referee and adopted by the Board are as follows:

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

1. Claimant was last employed by John J. Stumpf, Jr., Inc. as a truck driver/laborer at $13.64 per hour. He worked there 2½ years and his last day of work was 10/31/86.

2. Claimant, who had been treated for alcoholic and drug addiction, was having marital problems and after having seen his wife with another man, he came [sic] intoxicated and 'drew a gun' on that other man.

3. The day following the above incident, the claimant was arrested and because he felt that if he stayed in the Lancaster area, he would kill his wife, so he therefore went to Atlanta, Georgia where he admitted himself to a hospital for treatment of nerves.

4. Under the above circumstances, the claimant left his work while continued work was available to him.

Subsequent to terminating his employment, Claimant filed for unemployment compensation benefits effective January 17, 1987. The Office of Employment Security (OES) determined that Claimant was ineligible for benefits under Section 402(b) of the Law. On appeal by Claimant, the OES was affirmed by the referee whose decision was affirmed by the Board. The referee found, as adopted by the Board, that Claimant had not proven compelling and necessitous reasons for terminating his employment.

This Court's scope of review is limited to a determination of whether findings of fact are supported by substantial evidence, whether an error of law was committed, or whether any of Claimant's constitutional rights have been violated. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

Section 402(b) of the Law provides that an employee shall be ineligible for compensation for any week in which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. It is well settled that an employee voluntarily terminating employment has the burden of proving that such termination was for a cause of a necessitous and compelling reason. *Westwood v. Unemployment Compensation Board of Review*, 110 Pa. Commonwealth Ct. 645, 532 A.2d 1281 (1987). "Whether one had 'cause of a necessitous nature' is an ultimate conclusion which must be drawn from the underlying findings of fact. Such ultimate conclusions—sometimes called 'ultimate facts'—are legal conclusions and are always subject to appellate review." *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 358, 378 A.2d 829, 832 (1977). Cause of a necessitous and compelling nature results from overpowering circumstances which produce pressure, both real and substantial, to terminate one's employment and which would compel a reasonable person under the circumstances to act similarly. *Id.; Southeastern Pennsylvania Transportation Authority v. Unemployment Compensation Board of Review*, 109 Pa. Commonwealth Ct. 191, 531 A.2d 60 (1987).

Claimant argues that the pressure of his personal circumstances compelled him to leave his employment as well as the Lancaster, Pennsylvania area. On November 4, 1986, Claimant notified his Employer that he had to leave town because of the incidents involving his wife and the possibility that if Claimant remained in the area he may kill his wife. He then returned the keys to his truck and asked for his final pay check which was issued.[2] Claimant made no attempt to retain his job. On December 31, 1986, Claimant returned from Atlanta,

---

[2] N.T., pp. 2-3, 5.

Georgia, and thereafter sought his former job, but was informed by Employer that no work was available. Claimant and Employer testified that due to the seasonal nature of Employer's business, all employees are laid off for two to three months.[3] Claimant's termination of employment, however, was not due to lay off but to Claimant's decision to avoid his wife and a potentially drastic personal situation. Such reasons do not constitute real and substantial pressure which would compel a reasonable person to act in the same manner and therefore do not constitute cause of a necessitous and compelling nature.

Claimant argues in the alternative that he is still eligible for benefits because at the time he signed for benefits, no work would have been provided to him by Employer because of his lay off status. In support of this proposition, Claimant relies on *Winterle v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 486, 442 A.2d 1211 (1982), citing 34 Pa. Code §65.62(b) which provides in pertinent part:

> When a claimant has been declared ineligible because of refusal of temporary or casual employment, the ineligibility shall continue only for the period of time that work would have been furnished.

In *Winterle* the claimant was a temporary employee who refused a third temporary assignment and quit her job to seek permanent employment. Although rejecting claimant's argument that she had good cause for leaving her job, this Court remanded to the Board for consideration of claimant's eligibility for benefits under the above-cited regulation. Claimant, in the instant appeal, voluntarily terminated permanent, not temporary or casual, employment.

---

[3] N.T., pp. 4, 6.

Finally, the Board argues that Claimant's disqualification remains in effect until purged pursuant to Section 401(f) of the Law,[4] which provides that compensation shall be payable to any unemployed person who—

> Has earned, subsequent to his separation from work under circumstances which are disqualifying under the provision of subsections 402(b), 402(e) and 402(h) of this act, remuneration for services in an amount equal to or in excess of six (6) times his weekly benefit rate. . . .

Claimant has held no other employment since his separation from work and therefore does not qualify for benefits under Section 401(f).

After carefully examining the record, this Court concludes that the Board's findings are based upon substantial evidence which properly support the Board's decision that Claimant is ineligible for benefits under Section 402(b) of the Law.

### ORDER

AND NOW, this 18th day of July, 1988, the April 21, 1987 order of the Unemployment Compensation Board of Review is hereby affirmed.

---

[4] 43 P.S. §801(f).