579 A.2d 1026

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF EDUCATION, SCOTLAND SCHOOL FOR VETERANS' CHILDREN, Petitioner,**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted June 28, 1990.

Decided Sept. 12, 1990.

Roger R. Seip, Asst. Counsel, with him, Ernest N. Helling, Asst. Chief Counsel, for petitioner.

Maribeth Wilt–Seibert, Asst. Counsel, with her, Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before CRAIG, President Judge, PELLEGRINI, J., and CRUMLISH, Jr., Senior Judge.

## OPINION

CRUMLISH, Jr., Senior Judge.

In this appeal, we are called upon to revisit the question of whether Sylvia Williams, a houseparent at Scotland School for Veterans' Children (Scotland), is eligible for unemployment compensation benefits. The Board granted benefits; Scotland has appealed that decision, and we now affirm.

We recently decided the questions of Williams' eligibility for benefit weeks during the summer months of 1987, when she did not work. *Department of Education, Scotland School for Veterans' Children v. Unemployment Compensation Board of Review*, 134 Pa.Commonwealth Ct. 80, 578 A.2d 78 (1990) (*Williams I*). There we held that the Board did not err in its conclusion that Williams was a year-round employee and not an employee of the academic year.

We must now decide whether the Board erred in upholding the referee's decision to grant partial benefits to Williams for five weeks during the following summer, 1988, in which Williams worked less than full-time.[1]

Scotland again urges us to hold that Williams should be denied benefits under the disqualifying Section 402.1(2) of

1. The referee found, and Scotland does not dispute, that Williams worked thirty-two hours per week in July, only eight hours in the first week of August and eleven hours the following week. Findings of Fact Nos. 5, 7, and 8, Referee's Decision, 9/15/89.

the Unemployment Compensation Law (Law),[2] which, generally speaking, precludes benefits to employees of academic institutions who do not work between terms but who expect to return to work in the next academic session. Scotland argues that while working part-time on an "as needed" basis during the summer, Williams was nonetheless an employee of the academic year with a reasonable assurance of returning to work the following fall term.[3] However, as we held in *Williams I,* there is ample evidence to support the finding that Williams was a year-round employee who was not routinely separated during the summer months. Thus, Section 402.1(2) does not apply.

Accordingly, we affirm the Board's order granting partial benefits to Williams for those weeks in which Williams' remuneration was less than her weekly benefit rate plus partial benefit credit.

## ORDER

The Unemployment Compensation Board of Review order No. B–277981, dated December 15, 1989, is affirmed.

**2.** Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* added by the Act of July 6, 1977, P.L. 41, *as amended,* 43 P.S. § 802.1(2).

**3.** Scotland assigns error to the referee's conclusion on which, in the alternative, she apparently based her decision to grant benefits, that Williams was an employee of the 1988 *spring* academic term with no assurance of returning to work full-time during the subsequent *summer* term. *Katz v. Unemployment Compensation Board of Review,* 115 Pa.Commonwealth Ct. 424, 540 A.2d 624 (1988). Scotland argues that its summer session is not an academic term under Section 402.1 of the Law and that Williams expected to work full-time in the fall term. However, because of our disposition here, we need not address this contention.