628 A.2d 513

**Jean E. BOWEN, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 5, 1993.

Decided June 30, 1993.

J. Palmer Lockard, II, for petitioner.

Linus E. Fenicle, for respondent, intervenor Shalom House.

Before DOYLE and KELLEY, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

Jean E. Bowen (claimant) appeals here from a decision and order of the Unemployment Compensation Board of Review (Board) which reversed the referee's decision and concluded that the claimant was ineligible for benefits under Section 402(e) of the Unemployment Compensation Law.[1]

On January 22, 1992, the Bureau of Unemployment Compensation Benefits and Allowances (Bureau) issued a determination denying the claimant's application for benefits based upon her discharge for buying food stamps from residents of Shalom House (employer) at one-half their face value. The claimant appealed and, following a hearing at which both the claimant and the employer presented evidence, the referee reversed the Bureau's determination, concluding that her actions did not rise to the level of willful misconduct. The employer then appealed to the Board which reversed the referee's decision and denied benefits to the claimant on the alternative grounds that her actions were illegal or that they were exploitive of the residents under the claimant's supervision. It is from this decision and order of the Board that the claimant now appeals to this court.

■ Our scope of review in unemployment compensation cases where both sides have presented evidence is limited to a determination of whether constitutional rights were violated, errors of law committed, or findings of fact are not supported by substantial evidence. *Ryan v. Unemployment Compensation Board of Review,* 120 Pa. Commonwealth Ct. 80, 547 A.2d 1283 (1988).

On appeal, the claimant argues that the Board erred in concluding that her actions constituted willful misconduct because the employer had no rules against buying food stamps from the residents and because she did not know that her actions might be illegal.

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e). This section provides in part that "[a]n employe shall be ineligible for compensation for any week ... [i]n which his unemployment is due to his discharge for willful misconduct connected with his work."

■ The employer is a human service organization which seeks to provide the necessities of life (food, shelter, and clothing) to homeless, poor, and/or abused individuals and families. When approached by one of the residents, the claimant struck a deal whereby she received $65.00 worth of food stamps for $33.00 in cash. The Board concluded that the claimant's conduct was exploitive of the resident and therefore constituted willful misconduct because it was in disregard of the standards of behavior which an employer can rightfully expect from an employee. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

■ Questions of credibility, the weight to be accorded evidence, and the inferences drawn from the evidence are determinations for the Board to make. *Taylor v. Unemployment Compensation Board of Review*, 86 Pa.Commonwealth Ct. 258, 484 A.2d 844 (1984). Here, the Board was confronted with an individual who made a profit of nearly 100% at the expense of a woman and her family who were living in a shelter. We can find no error in the Board's drawing of an inference that the claimant's actions were exploitive of an individual she was supposed to be helping as part of her job. Furthermore, we agree with the Board's conclusion that the claimant's actions rose to the level of willful misconduct.

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this 30th day of June, 1993, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.