**EVANS, PORTNOY & QUINN,
Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 7, 1995.

Decided Sept. 18, 1995.

---

John E. Quinn, for petitioner.

Judith M. Gilroy, for respondent.

Before COLINS, President Judge, and DOYLE, McGINLEY, KELLEY and NEWMAN, JJ.

KELLEY, Judge.

Evans, Portnoy & Quinn (employer) petition for review of an order of the Unemployment Compensation Board of Review which affirmed a referee's decision finding Lori A. Retort (claimant) eligible for benefits. We reverse.

The relevant facts as found by the referee and adopted by the board[1] are as follows:

1. For purposes of this appeal, the claimant was last employed as a part-time law clerk by Evans, Portney [sic], & Quinn, Attorneys-at-Law, at a final hourly rate of $8.50 and her last day of work was April 30, 1992.

2. The claimant, at the time of hire, was a second year law student and was hired as a full-time law clerk during the summer of 1991 and thereafter to continue as a part-time law clerk during the 1991–1992 school year.

3. The terms of employment provided that the claimant's employment would be terminated effective the end of the 1991–1992 school year.

4. The employer hired new legal interns to begin on or about May 28, 1993 [2] and claimant thereafter was not offered continuing employment.

5. The claimant ended her employment effective April 30, 1992 in order to study for final exams.

Referee's Decision, August 18, 1993, at 1, Findings of Fact Nos. 1–5.

Claimant applied and was granted benefits for several weeks in March and April of 1993 by the Office of Employment Security (OES) pursuant to sections 402(a), 402(b) and 401(d) of the Unemployment Compensation Law (Law).[3] Employer appealed to a referee, asserting that claimant's voluntary quit without cause of a necessitous or compelling nature rendered her ineligible for benefits.

After a hearing at which both parties presented evidence, the referee awarded claimant benefits in a decision dated August 18, 1993. In support of his decision, the referee noted that although claimant's voluntary quit may have rendered her ineligible for benefits during the remaining period of her agreed upon employment dates, April 30, 1992 through May 28, 1992, claimant's application for benefits was for subsequent weeks. Finding that after May 28, 1992, claimant was able and available for suitable work pursuant to section 401(d) of the Law, 43 P.S. § 801(d)(1), the referee determined that claimant was not disqualified from receiving benefits. Employer appealed and the board affirmed.

Before this court[4] employer raises the following issues: (1) whether the board

---

1. On appeal to the board, the board concluded that the determination made by the referee was proper under the Unemployment Compensation Law and in accordance with the precedent rulings established in the interpretation thereof; therefore, the board entered an order on November 24, 1993 affirming the referee's decision without making any separate or additional findings of fact or reasoning.

2. Our review of the record reveals that the referee's Finding of Fact No. 4 contains a typographi-

cal error and that the date therein should read May 28, 1992.

3. Act of December 5, 1936; Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 802(a), 802(b) and 801(d).

4. Our scope of review in an unemployment compensation appeal is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact are supported by sub-

erred in finding claimant eligible for unemployment compensation benefits despite the fact that claimant voluntarily quit her employment without cause of a necessitous and compelling nature and without requesting to renew or extend the duration of her employment agreement; (2) whether the board improperly applied standards applicable to section 401(d)(1) of the Law, 43 P.S. § 801(d)(1), in making a determination under section 402(b) of the Law, 43 P.S. § 802(b); and (3) whether the board erred in failing to consider or find that claimant's exclusive remedy was for breach of contract.

■■■■ Initially, employer contends that the board erred in finding claimant eligible for unemployment compensation benefits. Section 402(b) of the law, 43 P.S. § 802(b), provides that an employee is ineligible for benefits for any week in which unemployment is due to the employee's voluntary separation from work without cause of a necessitous and compelling nature. The question of whether particular facts constitute a voluntary quit is a question of law. *Chamoun v. Unemployment Compensation Board of Review*, 116 Pa.Commonwealth Ct. 499, 542 A.2d 207 (1988). A claimant who voluntarily quits a job bears the burden of proving that the termination was caused by reasons of a necessitous and compelling nature. *Kligge v. Unemployment Compensation Board of Review*, 89 Pa.Commonwealth Ct. 30, 491 A.2d 325 (1985). Quitting one's employment in anticipation of termination is not cause of a necessitous and compelling nature. *Charles v. Unemployment Compensation Board of Review*, 122 Pa.Commonwealth Ct. 439, 552 A.2d 727 (1989). There is no dispute in the matter sub judice that claimant voluntarily quit her employment and has not shown that her separation was for cause of a necessitous and compelling nature.

Although claimant was ineligible for benefits under section 402(b) of the Law, the referee found that after May 28, 1992, claimant was able and available for suitable work and therefore could not be denied benefits under the provisions of section 401(d)(1) of the Law, 43 P.S. § 801(d)(1).[5] Employer contends that the referee's application of section 401 effectively emasculates the voluntary quit disqualification of section 402(b) of the Law.

The board urges us to affirm its decision and presents the following OES regulation to advance its position:

§ 65.62. **Duration of disqualification.**

(a) A claimant who has been determined ineligible for compensation under section 402(a) of the law (43 P.S. § 802(2) [sic] ) shall remain ineligible for compensation until he obtains subsequent employment which is not of a temporary or casual nature.

(b) *When a claimant has been declared ineligible because of a refusal of temporary or casual employment, the ineligibility shall continue only for the period of time that work would have been furnished.* (Emphasis added).

(c) A claimant who has been determined ineligible for compensation under the provisions of section 3 of the law (43 P.S. § 752) shall remain ineligible until he has earned, subsequent to the separation from work which was disqualifying under such section, renumeration for services in an amount equal to or in excess of six times his weekly benefit amount.

34 Pa.Code § 65.62.

In support of its argument that 34 Pa.Code § 65.62(b) is applicable to the present controversy, the Board cites *Winterle v. Unemployment Compensation Board of Review*, 65 Pa.Commonwealth Ct. 486, 442 A.2d 1211 (1982). In *Winterle*, a temporary employee refused a third temporary assignment and quit her job to seek permanent employment. Although rejecting claimant's argument that she had good cause for leaving her employment, this court found 34 Pa.Code § 65.62(b) to be applicable and remanded the matter for

---

stantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Hercules, Inc. v. Unemployment Compensation Board of Review*, 146 Pa.Commonwealth Ct. 77, 604 A.2d 1159 (1992).

**5.** Section 401(d)(1) of the Law provides that compensation shall be payable to an employee who is unemployed and is able and available for suitable work.

consideration of claimant's eligibility for benefits under this regulation.

■ Clearly, *Winterle* is distinguishable from the case sub judice. The claimant in *Winterle* did not voluntarily quit a work assignment in progress but instead refused another temporary assignment. The limitation on ineligibility provided by 34 Pa.Code § 65.62(b) applies to claimants who *refuse* temporary or casual employment opportunities and does not confer eligibility upon employees disqualified as a matter of law under section 402(b). Thus, we conclude that this court's decision in *Winterle* does not·support the board's determination of eligibility. *Accord Weaver v. Unemployment Board of Review,* 117 Pa.Commonwealth Ct. 644, 544 A.2d 554 (1988) (34 Pa.Code § 65.62(b) held inapplicable where the claimant quit employment without cause of a necessitous and compelling nature).

Employer contends that awarding claimant benefits would be advocating a system under which any employee could quit employment and still be eligible to receive compensation benefits by establishing a future departure date despite leaving employment in advance of that date. We agree.

■ The unemployment compensation laws were enacted by the legislature to protect employed persons who become unemployed through no fault of their own. Section 3 of the Law, 43 P.S. § 752. A law student who knowingly enters into a temporary part-time employment arrangement with a law firm, voluntarily leaves that employment prior to the end of the specified period to study for exams, and fails to request extension of the letter agreement or to seek regular full-time employment with the law firm upon graduation, does not fall within the class of employees the legislature intended to protect. Moreover, the Law was not intended to subsidize full-time college students working their way through school. *See Wiley Unemployment Compensation Case,* 195 Pa.Superior Ct. 256, 171 A.2d 810 (1961) (concurring opinion).

■ We fully agree with employer's position that the referee's decision as affirmed by the board would effectively emasculate the voluntary quit disqualification provisions of the Law. To allow claimant to receive benefits would open the door for every law student or any other college or graduate school student to quit their employment to study for exams and at a later date return to collect unemployment compensation benefits even where the student remains unemployed through his or her own volition. The record in the case sub judice .does not comport generally with the public policy purposes of the Law or specifically with section 402(b) which disqualifies claimant from receiving benefits due to her voluntary quit. Where a claimant is disqualified, as here, by an explicit section of the Law, the claimant is ineligible for benefits. *Penn Hills School District v. Unemployment Compensation Board of Review,* 496 Pa. 620, 437 A.2d 1213 (1981).

■ The board's argument that claimant is eligible for benefits under Bureau of Employment Security Regulation 65.62(b), 34 Pa.Code § 65.62(b), is unpersuasive because that section, as well as section 401(d)(1), cannot confer eligibility upon an employee disqualified as a matter of law under the section 402(b) voluntary quit disqualifier. The bureau regulation provides that a claimant's ineligibility because of a refusal of temporary or casual employment shall continue only for the period during which work would have been furnished to the claimant, in the present instance from April 30, 1992 through May 28, 1992.

Claimant voluntarily quit her employment without cause of a necessitous and compelling nature. Accordingly, we conclude that the board erred in affirming the referee's finding that claimant is eligible for benefits.

■ Next, employer argues that the board erred in failing to find that claimant's exclusive remedy was for breach of contract. In support of this argument, employer cites *Glen Alden Coal Co. v. Unemployment Compensation Board of Review,* 168 Pa.Superior Ct. 534, 79 A.2d 796 (1951). However, *Glen Alden* involved an employee who had an employment contract for a definite period of employment. Finding that the employee was not actually unemployed where his lack of work stemmed from his employer's breach of

contract promising certain dates of employment, the Superior Court held that the employee was not entitled to unemployment compensation as a result of the alleged breach of the contract. In the present matter, claimant never alleged that employer breached any contract. *Glen Alden* does not provide guidance to this controversy and employer's argument must fail.

The order of the board is reversed and claimant's application for unemployment compensation benefits is denied.

FRIEDMAN J., did not participate in the decision in this case.

McGINLEY, J., dissents.

### ORDER

NOW, this 18th day of September, 1995, the order of the Unemployment Compensation Board of Review, dated November 24, 1993, at No. B–319687, is reversed and Lori A. Retort's application for unemployment compensation benefits is denied.

McGINLEY, Judge, dissenting.

I respectfully dissent from the majority's decision denying unemployment compensation benefits to claimant. Section 402(b) of the Law, 43 P.S. § 802(b), provides that an employee is ineligible for benefits for any week in which unemployment is due to the employee's voluntary separation from work without cause of a necessitous and compelling nature. In the present matter there is no dispute that claimant voluntarily quit her employment without cause of a necessitous and compelling nature prior to the expiration of her work. Nor is it contested that the referee correctly determined claimant to be ineligible for benefits under Section 402(b) of the Law for the period of April 30, 1992, through May 28, 1992. The crux of this case however, is whether claimant continues to be ineligible for benefits after May 28, 1992, the expiration of her employment agreement.

Finding that after May 28, 1992, claimant was unemployed through no fault of her own and was able and available for suitable work

pursuant to Section 401(d)(1) of the Law,[1] 43 P.S. 801(d)(1), the referee determined that claimant was not disqualified from receiving benefits. Employer contends that the referee's application of Section 401 effectively emasculates the voluntary quit disqualification of Section 402(b) of the Law. I disagree. Here, it is uncontested that claimant's employment was of a limited duration. Granted that claimant quit a month before her employment was to end, nonetheless, claimant was to be unemployed through no fault of her own on May 28, 1992. Referee's Decision at 1, Finding of Fact No. 4.

The majority concludes that 34 Pa.Code § 65.62(b) and *Winterle* do not support the board's determination of eligibility. Again, I disagree. When construing the Law and determining a claimant's eligibility for benefits, "an unemployed worker can be denied benefits only by explicit language in the [Law] which clearly and plainly excluded that worker from its coverage." *Katz v. Unemployment Compensation Board of Review,* 115 Pa.Commonwealth Ct. 424, 429, 540 A.2d 624, 626 (1988) (quoting *Penn Hills School District v. Unemployment Compensation Board of Review,* 496 Pa. 620, 625, 437 A.2d 1213, 1215 (1981)). Because 34 Pa.Code § 65.62(b) supports the board's position that ineligibility under 402(b) of the Law should be temporary when a claimant's former position is not permanent, I believe we cannot hold that the Law "clearly and plainly" disqualifies claimant from coverage.

Accordingly, I would affirm the board's decision finding claimant eligible for benefits.

---

1. Section 401(d)(1) of the Law provides that compensation shall be payable to an employee who is unemployed and is able and available for suitable work.