686 A.2d 821

**DU–CO CERAMICS COMPANY, Appellant,**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 16, 1996.

Decided Dec. 27, 1996.

Thomas J. May, Thomas W. King, III, Butler, for Du–Co Ceramics.

Neal Alan Sanders, Butler, for Lee Ann Storoz.

Clifford Blaze, Norina K. S. Stone, Harrisburg, for Unemployment Compensation Board of Review.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

*OPINION*

CAPPY, Justice:

The issue presented in this appeal is whether the claimant, Lee A. Storoz, was properly awarded unemployment compensation benefits. In order to resolve that question this court must decide if the claimant voluntarily quit her employment or was terminated by her employer. If we find that claimant did voluntarily quit, we must determine if she did so for a necessitous and compelling reason. As we find that claimant did voluntarily quit and that she did so without a necessitous and compelling reason, we reverse the decision of the Commonwealth Court.

Claimant had been employed full-time for appellant, Du–Co Ceramics, until July 9, 1994. In May of 1994, claimant was accepted for part-time employment with the United States Postal Service. Claimant was advised by the postal service that she would be required to undergo a week of training to be scheduled by the postal service before her employment with them would begin. Claimant had no control over the scheduling of the training period. Claimant requested that appellant allow her to utilize vacation time for the training period. However, appellant was unable to grant that request, as claimant was only entitled to two weeks vacation and the timing of her vacation was controlled by the collective bargaining agreement executed between appellant and claimant's union. (See R.R. 95a–175a). According to the terms of the collective bargaining agreement, all employees with two weeks vacation must take their vacation during the plant shutdown. (R.R. 123b Coll.bar.ag. § 19(D)). Claimant's training period with the postal service did not coincide with either of the scheduled shut-down/vacation weeks.

Claimant then requested a leave of absence. Under the terms of the collective bargaining agreement, a personal leave of absence for reasonable cause may be granted at the sole discretion of appellant. (R.R. 117a Coll.bar.ag. § 13.5). Appellant denied claimant's request for a leave of absence. Claimant then attempted to arrange a shift change. No work

was available within claimant's job classification on another shift during the week her postal service training was scheduled.

Claimant's last day of work for appellant was Friday, July 9, 1994. On Monday, July 12, 1994, claimant began training for the postal service. Claimant called appellant on July 9, 1994 and reported off work for personal reasons. Claimant continued to attend the training sessions at the postal service and called to report off at her job with appellant for the next three days. On the final day of her training with the postal service, claimant did not report off to appellant as she had been informed by a co-worker that she had been terminated.

On July 13, 1994, the second day claimant had failed to report for work with appellant, appellant sent claimant a registered letter stating:

By your failure to report to work as scheduled, Du–Co Ceramics Company has concluded you have terminated your employment by your repeated refusal to report to work as scheduled.

This conclusion is based on our conversation of Tuesday, July 12, 1994 in which you informed me of your intention to complete the training you are currently receiving to obtain a job with the U.S. Postal Service in lieu of reporting to work as scheduled.

If this is incorrect or you believe there is a misunderstanding as to the reason for your absence, please contact me between the hours of 7:00 am and 4:00 pm.

Please contact me to make arrangements for your pension and other related matters concerning termination of employment at your earliest convenience if the above mentioned is true and correct.

Sincerely,

Bert T. Drum

Human Resources Manager

Claimant testified that she received the notice that a registered letter had been sent to her on July 13, 1994 and that she

did receive this letter Saturday, July 17, 1994 when she retrieved it from the post office. (R.R. 27a).

On July 26, 1994, claimant filed for unemployment compensation benefits. Appellant contested the claim for benefits and a hearing was held on the claim on October 17, 1994. The referee determined that claimant was entitled to benefits under 43 P.S. § 802(b) of the unemployment compensation law.[1] The referee found that claimant had quit employment, but she was entitled to benefits as the quit was for a necessitous and compelling reason.

On appeal to the Unemployment Compensation Board of Review (Board), the referee's decision was affirmed. The Board, however, found that claimant had not quit. The Board then went on to find that claimant had been terminated and that appellant had failed to prove that her termination was justified on the basis of willful misconduct pursuant to 43 P.S. § 802(e) of the unemployment compensation law.[2]

The Commonwealth Court affirmed the decision of the Board. The Commonwealth Court agreed with the Board that claimant had not quit employment, but rather, had been terminated and further, that appellant had failed to preserve the issue of willful misconduct for appeal. This court then granted appellant's Petition for Allowance of Appeal.

 When reviewing an appeal in an unemployment compensation case our scope of review is limited to a determination of whether constitutional rights were violated, errors of law were committed or findings of fact are not supported by substantial evidence. *See Bowen v. Unemployment Compen-*

1. 43 P.S. § 802(b) provides, in pertinent part, that an employee shall be ineligible for compensation for any week—

 "In which his employment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in "employment" as defined in this act:"

2. 43 P.S. § 802(e) provides that an employee shall be ineligible for compensation for any week—

 "In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is "employment" as defined in this act;"

*sation Board of Review,* 156 Pa.Cmwlth. 552, 628 A.2d 513 (1993).[3] The question of whether a claimant has voluntarily quit employment is a question of law, based upon the particular facts of the case. *Evans, Portnoy & Quinn v. Unemployment Compensation Board of Review,* 665 A.2d 548 (Pa. Cmwlth.1995). A claimant who voluntarily quits employment carries the burden of proving that the quit was for a necessitous and compelling reason. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977). Where the termination is based upon willful misconduct the burden of proof rests upon the employer. *United Refining Co. v. Unemployment Compensation Board of Review,* 661 A.2d 520 (Pa.Cmwlth.1995).

 In the case at bar the claimant made a conscious decision not to report for work as scheduled knowing that appellant had denied her earlier requests for vacation, leave of absence, or a shift change. When a claimant voluntarily absents him or herself from work the claimant will only be eligible for compensation if the claimant's actions resulted from a necessitous and compelling reason. *Taylor.* As this court stated in *Taylor,* a necessitous and compelling reason for leaving one's employment "results from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner." *Taylor,* at 359, 378 A.2d at 832–33. In further elucidating the nature of necessitous and compelling reason the *Taylor* court went on to state:

When therefore the pressure of real not imaginary, substantial not trifling, reasonable not whimsical, circumstances *compel* the decision to leave employment, the decision is

**3.** Although never directly stated, this court has always followed the same scope of review in unemployment cases as set forth by the Commonwealth Court. *See Truitt v. Unemployment Compensation Board of Review,* 527 Pa. 138, 589 A.2d 208 (1991); *Monaco v. Unemployment Compensation Board of Review,* 523 Pa. 41, 565 A.2d 127 (1989); *Genetin v. Unemployment Compensation Board of Review,* 499 Pa. 125, 451 A.2d 1353 (1982); and, *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977).

voluntary in the sense that the worker has willed it, but involuntary because outward pressures have compelled it. Or to state it differently, if a worker leaves his employment when he is compelled to do so by necessitous circumstances or because of legal or family obligations, his leaving is voluntary with good cause, and under the act he is entitled to benefits. The pressure of necessity, of legal duty, or family obligations, or other overpowering circumstances and his capitulation to them transforms what is ostensibly voluntary unemployment into involuntary unemployment.

*Taylor,* at 359–360, 378 A.2d at 833; *quoting, Bliley Electric Co. v. Unemployment Comp. Bd. Of Rev.,* 158 Pa.Super. 548, 556–557, 45 A.2d 898, 903 (1946).

The Claimant in the present case had told her employer that she always wanted to work for the postal service. (R.R. 10a). At the hearing on her claim petition claimant offered no reasons for her action in failing to report for work as scheduled, other than the explanation that she had attempted to arrange time off with her employer and her attempts were unsuccessful, therefore she chose not to report. (R.R. 28a—31a). Claimant's efforts to secure time off with the employer's approval are laudable; however, the employer was under no obligation to accede to claimant's request. Claimant chose to leave her employment at Du–Co Ceramics in order to obtain part-time employment with the postal service. Claimant fails to offer any explanation for her actions which would indicate that she was under pressure of a real and substantial nature which compelled her decision to voluntarily leave her full-time employment. As this court stated in *Snyder v. Unemployment Compensation Board of Review,* 509 Pa. 438, 445, 502 A.2d 1232, 1236 (1985):

When this court defined 'necessitous and compelling' cause for leaving work as 'circumstances which produce pressure to terminate employment that is both real and substantial,' it was never contemplated that the 'circumstances' might be the employee's personal goals, aspirations or ambitions which conflicted with some reasonable policy or requirement of the employer.

The facts in the instant case compel this Court to reach the legal conclusion that this claimant voluntarily quit her employment with Du-Co Ceramics and, claimant has failed to meet her burden of proving that she quit for a necessitous and compelling reason. Accordingly, claimant is not entitled to unemployment compensation benefits. The decision of the Commonwealth Court is reversed.[4] Jurisdiction is relinquished.

NEWMAN, J., did not participate in the consideration or decision of this matter.

---

**4.** Given our resolution of this matter we do not reach the issue of willful misconduct. We do note however, that appellant did not raise that issue before the referee. It appears from the record that the Unemployment Compensation Board of Review sua sponte raised the issue of wilful misconduct.